THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILL COLEMAN *et al.* Plaintiffs in Error.

*Opinion filed October 25, 1911.*

1. CRIMINAL LAW—*Parole law applies to manslaughter.* · The crime of manslaughter is included within the Parole act of 1899, and neither the court nor jury can fix the term of imprisonment.

2. SAME—*provision of verdict fixing term of imprisonment for manslaughter is surplusage.* That part of a verdict of guilty of manslaughter which attempts to fix the term of imprisonment may be rejected as surplusage and a valid judgment of conviction be based upon the finding of guilty, as the question of guilt or innocence is the only issue presented to the jury. (*Henderson* v. *People,* 165 Ill. 607, followed.)

3. SAME—*when cause will be remanded for re-sentence, only.* Where no error intervenes in a murder trial prior to a verdict of guilty of the crime of manslaughter but the verdict and sentence erroneously attempt to fix the term of imprisonment the judgment must be reversed, but the cause will not be remanded for a new trial but only for re-sentence under the Parole law, rejecting as surplusage that part of the verdict fixing term of imprisonment.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

S. H. CUMMINS, and B. GALLIGAN, for plaintiffs in error.

W. H. STEAD, Attorney General, EDMUND BURKE, State's Attorney, and JOEL C. FITCH, (T. J. SULLIVAN, and A. F. BERNARD, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

At the September term, 1909, an indictment was returned into the circuit court of Sangamon county charging plaintiffs in error with having murdered one Frank Scott. They were arraigned and pleaded not guilty, and upon a trial the jury found them guilty of manslaughter and fixed their punishment at imprisonment in the penitentiary for the term of ten years, and the court, after having overruled

motions for a new trial and in arrest of judgment, sentenced them to the penitentiary at Chester for the period of ten years, and a writ of error has been sued out of this court to review the judgment of conviction and sentence.

No bill of exceptions has been filed and only one ground of reversal has been urged in this court, viz., that the verdict of the jury and the judgment and sentence of the court are erroneous, in this: that the jury fixed the term of imprisonment of the plaintiffs in error at ten years and the court sentenced the plaintiffs in error to the penitentiary for the period of ten years, when, under the statute, the jury should not have fixed their term of imprisonment and the court should have sentenced them for an indeterminate period instead of for a fixed term.

It is clear that the court erred in sentencing the plaintiffs in error for a fixed term as they should have been sentenced for an indeterminate period under section 1 of the Parole act, which reads as follows: "That every male person over twenty-one years of age, and every female person over eighteen years of age, who shall be convicted of a felony or other crime punishable by imprisonment in the penitentiary, except treason, murder, rape and kidnapping, shall be sentenced to the penitentiary, and the court imposing such sentence shall not fix the limit or duration of the same, but the term of such imprisonment shall not be less than one year, nor shall it exceed the maximum term provided by law for the crime of which the prisoner was convicted, making allowance for good time, as now provided by law." (Hurd's Stat. 1909, chap. 38, p. 835.) We are of the opinion, however, as no reversible error is shown by the record to have occurred in the proceedings of the trial prior to verdict, that the case should not be remanded for a new trial but that it should be remanded for re-sentence, only, as the law is well settled in this State that where no error has intervened in the trial prior to verdict but reversible error has subsequently intervened, the judgment of convic-

tion will be set aside and the case remanded to the trial court for re-sentence, only. *Baxter* v. *People,* 3 Gilm. 368; *Harris* v. *People,* 130 Ill. 457; *Wallace* v. *People,* 159 id. 446.

It is, however, urged by the plaintiffs in error that the verdict was erroneous in that it fixed the time of imprisonment of the plaintiffs in error in the penitentiary at ten years and that the judgment of conviction followed the verdict, as was necessary, and the case, upon reversal of the judgment of conviction, should be remanded for a new trial. The verdict, in so far as it fixed the term of imprisonment of the plaintiffs in error at ten years in the penitentiary, was not warranted by the statute. That part of the verdict may, however, be disregarded as surplusage, and the record then shows a good verdict, and one upon which a valid judgment of conviction may be based.

The crime of manslaughter is included in the Parole act of 1899. That act does not permit the court or jury to fix the term of imprisonment of one convicted of that crime. The only power given to the jury by that act is to determine the question of guilt or innocence of the accused. If the jury find the accused guilty the punishment that he shall suffer as a consequence of his guilt is fixed by the statute. The punishment has nothing whatever to do with the question of guilt. It is merely a consequence that the law attaches to his guilt. Whether a man is guilty of manslaughter is one question; what his punishment shall be if he is guilty is another and different question. The determination of the first question the Parole act commits to the jury; the determination of the second question is left to the statutes of the State. When the jury has determined the question of guilt of the accused it has therefore fully discharged its duty and determined every material question that could be submitted to it. Such a verdict is responsive to the issue and just as broad as the issue. Of what consequence can it be, then, that the jury does something more than that, and puts something into its verdict

that it has no authority to put in and that is not responsive to the issue and has no connection with or bearing upon the issue?—that is, the question of the guilt or innocence of the accused? That part of the verdict which fixes the punishment is entirely irrelevant to the issue submitted to the jury. If it were rejected, what would remain? Manifestly, a finding that the plaintiffs in error were guilty of manslaughter, as charged in the indictment. In what manner could the rejection of the irrelevant part affect the finding of guilt or the question of the guilt of the plaintiffs in error? It is clear that its rejection would have no effect at all on that finding or on that question. The conclusion, therefore, is irresistible that the part of the verdict fixing the punishment of plaintiffs can be rejected as surplusage and that the remaining part of it would be a valid verdict, upon which a valid judgment could be predicated.

The question is not an open one in this court. In *Henderson* v. *People,* 165 Ill. 607, the defendant was convicted of the crime of robbery. He was of the age that would require imprisonment in the reformatory, but he had been previously convicted of another crime and sentenced to the reformatory. It was conceived that the reformatory was a penitentiary, and that, therefore, under the Reformatory act he ought to be sentenced to the penitentiary for the crime of which he was last convicted. He was accordingly sentenced to the penitentiary, regardless of his age. The judgment was reversed with directions to impose a proper sentence. But before that could be done another question had to be disposed of. That was, whether the verdict was valid and would support a proper sentence. The verdict found the defendant guilty and fixed the term of his imprisonment at fourteen years. The same question was presented that is presented in the case at bar: Could that part of the verdict which fixed the term of imprisonment be rejected as surplusage and the remainder be allowed to stand as a valid verdict? The court held that it could. At page

611 the court said: "The verdict, however, was in all respects formal, and sufficient to authorize the court to pronounce a proper sentence. While the jury had no right to fix the punishment, that part of the verdict will be treated as surplusage and the court will be directed to enter a proper judgment on the verdict." In *Neathery* v. *People, 227* Ill. 110, the doctrine announced in the *Henderson case* was approved. In that case the defendant was convicted of manslaughter and the jury fixed the term of imprisonment. At page 116 the court says: "If the record were otherwise free from error, we agree that, following the practice in *Henderson* v. *People,* 165 Ill. 607, the judgment should be reversed and the cause remanded with directions to the court to enter the proper judgment, and in that event a new trial would be unnecessary; but we think that other prejudicial error intervened in the trial of the case which makes it impossible to pursue this course." The general rule upon the subject is announced in the American and English Encyclopedia of Law, (vol. 29, 2d ed. p. 1026): "When a jury find not only the issues submitted to them but embrace in their verdict the determination of matters not involved in the controversy, these redundant matters are denominated suplusage. Under these circumstances the maxim *utile per inutile non vitiatur* is applicable, and such portion of the verdict as lies beyond the legitimate province of the jury may be disregarded or rejected."

For the error in sentencing the plaintiffs in error to the penitentiary for a fixed period instead of for an indeterminate period the judgment of the circuit court will be reversed and the cause will be remanded to the circuit court of Sangamon county, with leave to the State's attorney of that county to move for, and directions to the court to enter, a proper judgment upon the verdict, sentencing the plaintiffs in error, severally, to the penitentiary at Chester for an indeterminate period under the Parole act.

*Reversed and remanded.*