People of the State of Illinois, Plaintiff-Appellee, v. Leutender Davis (Impleaded), Defendant-Appellant.

Gen. No. 50,542.

First District, Fourth Division.

September 13, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty and Frederick F. Cohn, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Lawrence Genesen, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CHARGE
Attempt (to commit robbery).[1]

JUDGMENT
After a jury verdict finding defendant guilty, the court imposed a sentence of one to five years.

POINTS RAISED ON APPEAL
(1) The State's Attorney made prejudicial statements in his closing argument to the jury which misled the jury, since the proof was inadequate to establish defendant's guilt.

(2) During oral arguments in this court a question was raised as to the sufficiency of the instructions to the jury. Thereafter, on motion, defendant was permitted

---

[1] Ill Rev Stats (1963), ch 38:

§ 8–4 **Attempt**
(a) Elements of the Offense.
A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.

· · · · · ·

§ 18–1. **Robbery**
(a) A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force.

to file an addition to his brief, in which he contends that his conviction should be reversed because the jury had not been instructed as to the elements of the crime charged.

EVIDENCE

There was testimony from State witnesses that defendant and another were attempting to rob a cabdriver when they were interrupted by the appearance of police officers who placed them under arrest. The policemen testified that defendant was armed with a knife and his companion with a gun. Defendant denied possession of the knife and denied any complicity in his companion's attempted robbery.

OPINION

■ ■ (1) The credibility of the witnesses is essentially a matter for the trier of fact. There is evidence which, if believed, establishes proof of defendant's guilt beyond a reasonable doubt. In view of the position we take on the question of instructions, we do not decide the point as to whether the State's Attorney did or did not make a prejudicial argument.

■ (2) Among the instructions tendered by the State and given by the court was the following, which sets forth the statutory definition of the crime of attempt:

> The jury are instructed that a person commits an attempt when, *with intent to commit a specific offense,* he does any act which constitutes a substantial step *toward the commission of that offense.* It does not matter that because such person has misapprehended the circumstances, it would have been impossible for him to commit the offense attempted. (Emphasis supplied.)

It can readily be seen that for this instruction to be meaningful to the jury, they must also be instructed as to the "specific offense" alleged to have been attempted, and

the elements thereof. No such instruction was given, however.

The jury's verdict found defendant guilty "in manner and form as charged in the indictment." In so doing, the jury implicitly found defendant guilty of attempting to commit robbery (by performing an act which constituted a substantial step toward the commission of a robbery). In the course of reaching this verdict, however, the jury had been required to proceed entirely on its own speculation as to what steps were essential to the crime of robbery. Not only did the court fail to give an instruction setting forth the elements of robbery, but examination of all the instructions which were given discloses that the word "robbery" was never so much as mentioned. The jury was, therefore, left to its own devices in determining what "specific offense" the court was referring to in its definition of attempt, as well as in determining whether defendant had taken a "substantial step" toward its commission.[2] Such a verdict cannot be permitted to stand.

■■ Now, we are aware of cases which hold that a "trial judge has no duty to give instructions on his own motion where defendant does not request them." People v. Carvin, 20 Ill2d 32, 36, 169 NE2d 260; People v. Baker, 8 Ill2d 522, 524, 134 NE2d 786; People v. Lindsay, 412 Ill 472, 484, 107 NE2d 614. See also section 67 of the Civil Practice Act (Ill Rev Stats (1963), c 110, § 67). We believe, however, that the application of this salutary principle must have its limits, and that such boundaries are coextensive with the common-sense administration

---

[2] It may also be said that the jury's puzzlement, and with it the court's error, was compounded by the giving of an instruction (tendered by the State) which, without defining "felony," told the jury that "if two or more persons are engaged in the prosecution of a felony, the acts of each in the prosecution of such felony are binding upon all, and all are alike responsible for the acts of each in the prosecution of such felony."

of the jury system. If no instructions were tendered by either counsel, we think that a trial judge would be abdicating his responsibilities if he were then to permit the jury to retire for its deliberations uninstructed on the law, and free to improvise its own concepts of the crime or crimes charged. As a matter of fact, it should no more be the responsibility of the defense than of the State to tender "definition" or "elements of the crime" instructions. Such instructions are essential to tell the jury what the case is about, and, in our opinion, are not the kinds which necessarily bear favorably upon some phase or theory of defense (e. g., presumption of innocence, burden of proof, self-defense) and would, in consequence, require the tender of such instructions by the defendant. Which may be another way of saying that we consider this type of instruction so vital to the veriest function of a jury that it must be the court's responsibility to make sure that such a one is given, directing its preparation, if necessary. The absence of such a fundamental instruction in the instant case produces a situation where the deficiency in the totality of the jury's instruction is so great as to require a review by this court in the interest of fair trial or the proper administration of justice, even though there was no prior objection or assignment of error.[3]

---

[3] Supreme Court Rule 25; Ill Rev Stats (1963), c 110, § 101.25:

In criminal cases instructions to the jury shall be tendered, settled and given in accordance with section 67 of the Civil Practice Act, but substantial defects are not waived by failure to make timely objections thereto if the interests of justice require.

See also People v. Fleming, 54 Ill App2d 457, 460, 203 NE2d 716; and section 121–9 of the Code of Criminal Procedure which provides in part:

(a) Insubstantial and Substantial Errors on Appeal.

Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.

We know of no Illinois decision in accord with our conclusion that the conviction in this case cannot stand,[4] nor are we aware of any case to the contrary, except perhaps for the general statements in cases cited above, none of which dealt with the basic type of instruction we are concerned with here. Commonwealth v. Tracey, 137 Pa Super 221, 8 A2d 622, 625 (1939), however, is a case squarely in point. There, in reversing criminal convictions for armed robbery, and remanding for a new trial, the court quoted with approval the following statements in Commonwealth v. Gold, 123 Pa Super 128, 186 A 208, 209:

> "While as a general rule a judgment will not be reversed on account of the failure of a trial judge to instruct as to particular points where a request has not been made for such instruction, there still remain certain fundamental duties which the trial court, even in the exercise of the broad discretion given it, may not omit. Com. v. Stein, 305 Pa 567, 571, 158 A 563. One of the primary requisites in doing substantial justice to all parties concerned is that the jury shall clearly appreciate the exact issues involved."

The court in Tracey then went on to say:

> The jury convicted defendant of all of the crimes charged. They are serious offenses and all are not self-defining. The failure to give proper instructions descriptive of their nature is *fundamental error,* and it is unimportant that counsel made no request for additional instructions supplying the deficiency. This assignment of error must be sustained. (Emphasis supplied.)

---

[4] People v. DeMarios, 401 Ill 146, 153, 81 NE2d 464, touches only the fringe of the problem. The point was not raised, and from the language in that opinion the case could be used in argument either way.

455

To the same effect is Brook v. State, 6 Okla Crim 23, 115 P 1026, 1027 (1911), a rape case in which the court said:

That the trial court must define the offense charged is elementary. It is his duty to instruct as to the law of the case, and this includes a definition of the offense in the language of the law, sufficient to inform the jury what facts are necessary for the proof to establish in order to justify the finding of a verdict for conviction.

More recently, a similar situation, again involving the crime of robbery, was presented to the Court of Appeals for the District of Columbia. That court held in Byrd v. United States, 342 F2d 939, 941 (App DC 1965):

It was *fundamental error* to send the case to the jury without instructions as to the elements of the offense which the Government must prove beyond a reasonable doubt before a verdict of guilty can be returned. (Emphasis supplied.)

The conviction was reversed even though there was no dispute over the fact that the crime had been committed, the only issue being the identity of the perpetrator.

In Morris v. United States, 156 F2d 525, 527, 529, 9 Cir, 1946, considering the point sua sponte, the court said:

It is our opinion that the trial court committed fatal error in failing to instruct the jury on the statutes and regulations defining and governing the offenses charged against the appellant.

. . . . . .

The charge to the jury should not leave the jurors in ignorance of or leave them to their conjecture as to what constitutes the offense charged.

456

And the court in Screws v. United States, 325 US 91, 107, said in regard to the trial court's failure properly to include the question of intent in its instructions to the jury:

> It is true that no exception was taken to the trial court's charge. Normally we would under those circumstances not take note of the error. See Johnson v. United States, 318 US 189, 200. But there are exceptions to that rule. United States v. Atkinson, 297 US 157, 160; Clyatt v. United States, 197 US 207, 221, 222. And where the error is so fundamental as not to submit to the jury the essential ingredients of the only offense on which the conviction could rest, we think it is necessary to take note of it on our own motion. Even those guilty of the most heinous offenses are entitled to a fair trial.

DECISION

The judgment and sentence of the Circuit Court are reversed and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER, P. J. and McCORMICK, J., concur.