(No. 42431.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs*. FRED MAY, Appellant.

*Opinion filed September 22, 1970.*

LOUIS P. JOHNSON, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and PAUL P. BIEBEL, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Fred May, was found guilty in a bench trial in the circuit court of Cook County of criminal damage (not in excess of $150) to property (Ill. Rev. Stat. 1967, ch. 38, par. 21—1) and sentenced to the penal farm at Vandalia for a period of one year.

He prosecutes this direct appeal claiming (1) that he did not receive adequate representation from his court-appointed trial counsel; (2) that the defendant was not advised of his right to counsel at a critical stage of the proceedings; (3) that the State failed to prove that both joint-tenant owners of the property did not consent to the damage; and (4) that the evidence before the trial court was insufficient to convict.

Hazel Boyd, a tenant in the building where defendant resided, testified that on April 19, 1969, at approximately 5:30 P.M., she had an argument with the defendant regarding his sister; that at that time defendant stated: "I will get even with all you son-of-a-bitches"; that he then went upstairs to his apartment, took a five-gallon oil can and started

pouring oil over the back stairs; and that after the oil was poured a fire broke out.

One of the arresting police officers testified that when defendant was apprehended, his (defendant's) trousers were wet from the lower thigh down and emitted an oder similar to fuel oil or kerosene. The other police officer described the circumstances surrounding defendant's arrest. He testified that when he and his partner arrived at the scene, they had a conversation with Hazel Boyd and she pointed out the defendant. At that time May was about one-half block away and, as the police officers were approaching him, he started to run. They chased him through a gangway and into a basement where they found him hiding under some laundry tubs.

May testified that after he had returned home at about 5:30 P.M., that day, he went to the apartment of Hazel Boyd to have his little sister return to his apartment. She refused and an argument ensued but he denied making any threats. He then went back upstairs and accidentally kicked over an oil can that had been set on the back porch. Defendant laid down on a bed on the back porch, lit a cigarette, and "I just threw the match in back of me." He testified that just then he smelled some smoke, that he attempted to squelch the blaze with his blanket but that "the flame seemed like it got bigger or larger and I got scared and went on and ran." Defendant further stated that as he was running he heard someone say that the police were coming but that he was "too scared then to look back to see whether the police was coming for real and I ran through the gangway ducked down trying to calm myself down and that was all."

Defendant's claim that he did not receive adequate representation from his court-appointed counsel is without basis. The principal thrust of his complaint centers on the allegation that counsel was not properly apprised of the facts of the case and proceeded too soon to trial. We have examined this record and can find no actual showing of in-

competence in the manner in which counsel carried out his duties nor can we find any prejudice resulting from any of the attorney's acts. (See *People* v. *Morris*, 3 Ill.2d 437.) Accordingly, we find this claim to be without merit.

Defendant argues that he was not advised of his right to counsel at a critical stage of the proceedings. The record indicates that defendant was brought into court on the morning of April 21, 1969, charged with arson. The public defender was appointed to represent him after both the State and defendant indicated that they were ready to proceed to a preliminary hearing. The case was then passed and when thereafter called, the charge was reduced to criminal damage to property. Defendant pleaded not guilty and waived trial by jury. It is defendant's contention that the questioning by the court as to whether he was ready to proceed to a preliminary hearing was a critical stage at which he was entitled to be advised of all his rights and in particular to his right to counsel. We find this contention to be without merit. When defendant stated he was ready to proceed on the preliminary hearing, counsel was appointed for him and the cause held over until the afternoon. At the point where counsel was appointed, a continuance could have been requested. Defendant in no way shows how he was or could have been prejudiced by this procedure.

Defendant additionally argues that he was given no choice as to legal representation but that the court, *sua sponte*, appointed the public defender to represent him. Defendant never made objection to the appointment of counsel. In *People* v. *Ephraim*, 411 Ill. 118 at 120, we held: "It is true that the right of a defendant to be represented by counsel includes the right to employ counsel of his own choice, [citations] but it is not error for a court, on its own motion, to appoint an attorney for one charged with a crime unless it is done over his objection and some exception is taken to the court's action at the time. [Citation.] The same rule has been extended to the appointment of the public de-

fender." (See also *People* v. *Montville*, 393 Ill. 590; *People* v. *Witt*, 394 Ill. 405; *People* v. *McKay*, 403 Ill. 417; *People* v. *Merrieweather*, 11 Ill.2d 619; *People* v. *Rankins*, 18 Ill.2d 260.) Having availed himself of counsel's services without objection he may not now complain that he was deprived of his right to counsel.

Defendant next contends that it was incumbent on the prosecution to prove lack of consent by both joint-tenant owners to the damage to their property. At the trial, James T. Roberts, one of the joint-tenant owners of the building which was damaged, testified that he had never given the defendant any consent to damage his property. Defendant argues that the State should have also presented Mrs. Roberts, the other joint-tenant owner of the building, to testify that she also did not consent to the damage to her property. We find no merit to this contention. In *People* v. *Maertz*, 375 Ill. 478, at 480-481, the court held: "Until some evidence is introduced tending to show consent was given, the presumption [that a person would not consent to the violent destruction of his property] prevails, and it is not incumbent on the People to prove want of consent." Here as in *Maertz*, there is "not a scintilla of evidence of consent." 375 Ill. at 481.

We also find without merit May's claim that he could not have damaged property of another without his consent since the property which was damaged was leased and under the control of the defendant. Defendant cites no authority for this rather novel contention. Suffice it to say the statute is directed to prohibiting damage to another's property. And although at common law, a tenant becomes the possessory owner of an estate for a period of time during which term the primary indicia of ownership passes to him (1 American Law of Property, sec. 3.38), no absolute right of intentional destruction without consent is conferred upon the tenant. See 24 I.L.P. Landlord and Tenant, sec. 292, p. 480.

And finally, defendant's claim that the judgment of the

trial court was against the manifest weight of the evidence is baseless. A thorough review of the record in this case clearly indicates that defendant was proven guilty beyond a reasonable doubt. Much of the State's case was dependent upon the credibility of the witnesses, and the judgment of the court will be disturbed only where the evidence is so unsatisfactory as to leave a reasonable doubt of the defendant's guilt. *People* v. *Hampton,* 44 Ill.2d 41, 45.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*