.THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY
WATSON, Defendant-Appellant.

(No. 73-163; 

Second District—June 5, 1974.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H.
Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton, for the People.

Mr. JUSTICE, GUILD delivered the opinion of the court:

Defendant Roy Watson was charged in a two-count indictment with
burglary (Ill. Rev. Stat. 1969, ch. 38, par. 19—1(a)), and with possession
of burglary tools (Ill. Rev. Stat. 1969, ch. 38, par. 19—2). Upon com-
pletion of the trial, the jury returned a verdict finding defendant guilty
of both charges. Judgment was accordingly entered in the circuit court
of Du Page County, and defendant was sentenced to serve 3 years on
probation with the first 6 months to be served in the Du Page County
jail.

The jury was instructed on the statutory definitions of the crimes of
burglary and possession of burglary tools, and was also instructed as to

the elements of each of these crimes. Defendant now contends that the trial judge committed reversible error in that he failed to, sua sponte, give the jury additional appropriate instructions defining the words "intent" and "knowingly" which were included in the given instructions. At the conference on instructions, however, and at the time the instructions were read to the jury, defendant neither objected to the omission of such instructions, nor tendered appropriate instructions defining the words "intent" and "knowingly." Consequently, the question which we must initially consider is whether or not defendant has waived his right to have this issue reviewed on appeal.

■■ Generally, a trial judge has no duty to give instructions on his own motion where the defendant does not request them (*People v. Carvin* (1960), 20 Ill.2d 32, 169 N.E.2d 260; *People v. Browry* (1972), 8 Ill.App. 3d 599, 290 N.E.2d 650), and by failing to request certain instructions, a defendant generally waives the giving of such instructions. (*People v. Cesarz* (1969), 44 Ill.2d 180, 255 N.E.2d 1.) Notwithstanding these principles, defendant urges us to review the instruction issue, arguing that it was incumbent upon the trial judge to instruct the jury on his own motion as to the definition of the basic intent element in each of the crimes he was charged with. In support of this contention, defendant relies on *People v. Davis* (1966), 74 Ill.App.2d 450, 221 N.E.2d 63.

The facts in *Davis*, however, are factually inapposite to those in the case before us. In *Davis* the defendant was charged with the offense of attempt robbery and tried by a jury. Among other instructions, the jury was instructed as to the statutory definition of "attempt", but there was no instruction which defined the "specific crime" of robbery, nor was the word "robbery" ever mentioned in any of the instructions in that case. The court in *Davis* held that it was incumbent upon the trial judge to instruct the jury on such a fundamental instruction even though the defendant failed to request such an instruction.

■■ In the case before us the jury was instructed as to the definitions of both crimes as well as the essential elements of each. Unlike the case in *Davis*, therefore, there was no omission of any "fundamental" instructions. Furthermore, defendant Watson did not request that the jury be instructed as to the definitions of the words "intent" and "knowingly"; and the absence of instructions defining these words did not preclude fundamental fairness in the trial. For these reasons, defendant's failure to raise this point in the trial court constituted a waiver of his right to raise it before us for the first time. *Cf. People v. Cesarz* (1969), 44 Ill.2d 180, 255 N.E.2d 1; *People v. Wick* (1970), 125 Ill.App.2d 297, 260 N.E.2d 487 (abstract opinion).

Finally, defendant argues that the portion of his sentence requiring

him to serve six months in the Du Page County jail as a condition of his probation sentence is improper under the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). Defendant's appeal in this case was pending on our docket on January 1, 1973, when the new Code became effective. The prosecution of defendant's case had thus not reached the stage of "final adjudication" at the time of the Code's effective date. Therefore, defendant is entitled to have his sentence conform to the Code's provisions as they existed on January 1, 1973, prior to their amendment by P. A. 78-939. *People ex rel. Weaver v. Longo* (1974), 57 Ill.2d 67; *People v. Zayas* (1974), 17 Ill.App.3d 390 (abstract opinion).

■■ Section 5—6—3(d) of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(d)), as it read on January 1, 1973, prohibits the imposition of split sentences. For this reason, judgment in this case is modified to eliminate the 6-month period of incarceration so as to constitute a sentence solely of probation for a period of 3 years.

The judgment of conviction and the sentence as modified are affirmed.

Affirmed as modified.

SEIDENFELD, P. J., and T. MORAN, J., concur.