THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES MASINI, Defendant-Appellant.

Second District    No. 77-239

Opinion filed November 27, 1978.

GUILD, J., dissenting.

Julius L. Echeles and Gary Sternberg, both of Chicago, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was charged with aggravated assault, battery and criminal damage to property (under $150). After a jury trial at which the defendant represented himself, he was found not guilty on the assault and battery charges, but guilty of criminal damage to property (under $150), although the jury noted on its verdict that: "Due to circumstances the jury unanimously recommends suspension of sentence on the criminal damage charge." The defendant was nonetheless sentenced to a term of 9 months in the custody of the Department of Corrections; he appeals, attacking the sufficiency of the State's proof, the sufficiency of the instructions given by the trial court and the propriety of his sentence.

The facts may be summarized as follows: On November 13, 1976, Martin Bormanis loaned his gun to his 16-year-old step-son, Charles August. August and another 16-year-old, David Grosskopf, then went hunting either on or near property which was leased by defendant. The boys killed a rabbit, shot at other rabbits and fired at a railroad signal. The defendant, who had been clearing brush, testified that he was pelted with buckshot and that shots were fired at his barn. The defendant obtained the assistance of four other men and confronted August and Grosskopf 45 minutes later. The defendant and one of the other men were carrying brush axes. The defendant testified that he ordered the youths to put the gun down and they did so after some hesitation, when the defendant brought his axe to the "guard position." The defendant then used his brush axe to look under August's jacket. After August picked the gun up and leaned it against a fence, the defendant used his brush axe to break the gun in half; at trial, the defendant explained that he did so "in order that no other wildlife, human beings, property or persons would be

threatened." The two youths then left the scene and called the police, which resulted in the charges against the defendant.

■■ The defendant has asserted that the State's proof was insufficient for failure to prove the value of the property damaged, or that the property was damaged without the consent of the owner. We disagree. When it is evident that some damage was done to the property in question, and the defendant is convicted of the misdemeanor of criminal damage to property under $150 in value, proof of the exact monetary amount of the damage is not required. (*People v. Tidwell* (1975), 33 Ill. App. 3d 232.) Although the defendant has argued that proof of value should be required to avoid prejudicing his opportunity to seek restitution as part of his sentence in the event of a guilty verdict, it is obvious that such evidence could be more properly introduced at the sentencing hearing, if restitution became a factor. On the question of proof that the property was damaged without the consent of the owner, we note that the owner testified that the only person who had permission to have the gun on the day in question was Charles August, and neither August nor Grosskopf gave the defendant permission to destroy the gun. Until at least some evidence is introduced tending to show consent, the presumption that a person would not consent to the violent destruction of his property prevails and the State need not prove want of consent. (*People v. May* (1970), 46 Ill. 2d 120.) In this case there was "not a scintilla of evidence of consent." *People v. Maertz* (1941), 375 Ill. 478, 481.

■■ The jury's note recommending suspension of defendant's sentence forms the basis for the defendant's next set of contentions. The defendant argues that the jury might have chosen to nullify its verdict of guilty or find the defendant not guilty had the jurors been aware of their legal inability to influence sentencing. He argues that the court should therefore have given an instruction on sentencing, or at the very least have polled the jury to determine its true intent. However, the record indicates that the jury was polled, and "all answer[ed] in the affirmative." We do not see how the trial court could have anticipated the jury's effort to influence sentencing, and do not believe that an instruction advising the jury that an attempt to affix punishment would not be binding upon the court, would have assisted the jury in its role of fact-finder in determining whether the defendant was guilty of the offenses with which he was charged.

The problem with all of the defendant's arguments regarding the trial court's failure to give various instructions is that the defendant, appearing *pro se*, failed to tender or request any instructions himself. While, as a general proposition, the trial court has no obligation to instruct on its own motion, it has been held that in criminal cases the court has the burden of insuring that the jury is instructed on the elements of the crime charged, on the presumption of innocence, and on the question of proof. (*E.g.,*

*People v. Parks* (1976), 65 Ill. 2d 132.) The question which this court must determine is whether the trial court's failure to give various instructions *sua sponte* constituted such a fundamental error as to deny the defendant his right to a fair trial. It is our conclusion that no such error is presented.

■■ ■ Two of the defendant's further contentions regarding instructions present no great difficulty. The defendant's contention that the trial court should have given an instruction defining the word "knowingly," which was used in Illinois Pattern Jury Instructions, Criminal, Nos. 16.01 and 16.02 (hereinafter IPI) is without merit. The term "knowingly" has a plain meaning within the jury's common knowledge (*People v. Montgomery* (1974), 18 Ill. App. 3d 828), and the trial court's failure to give such instruction on its own motion cannot be held to merit a reversal of the conviction. (See *People v. Watson* (1974), 19 Ill. App. 3d 854.) The defendant's contention that the trial court should have given IPI Criminal No. 25.06, which deals with the defense of compulsion, is similarly lacking in merit. We find no evidence whatsoever supporting such an instruction.

The defendant's remaining arguments present a somewhat more interesting question. The defendant contends that the trial court erred in failing to give IPI Criminal No. 25.05, an "issues" instruction for the defense of justifiable use of force, and IPI Criminal No. 24.06, which deals with self-defense and the defense of others. The trial court did give IPI Criminal No. 24.08, which provides that:

"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to terminate another's trespass on real property other than a dwelling lawfully in the possession of a person whose property he has a legal duty to protect."

The trial court also modified the aggravated assault instruction (IPI Criminal No. 11.04) by adding the phrase "without lawful authority" and modified the battery instruction (IPI Criminal No. 11.06) by adding the qualifying phrase that the defendant acted "without legal justification." However, the court did not modify the instruction for criminal damage to property (IPI Criminal No. 16.02). On appeal, the defendant has argued that the evidence clearly raised the issues of self-defense, defense of others and defense of property, as to the criminal damage to property charge, and that the instructions given by the trial court therefore failed to fulfill the court's responsibility of providing instructions on the essential issues in the case.

■■ We do not believe that the evidence adduced at trial would support a finding that the destruction of Bormanis' gun was justified, on any grounds. The two teenagers, August and Grosskopf, were confronted at close quarters by five men, two of them equipped with "brush axes." The

uncontroverted evidence was that at the time the gun was destroyed it was not physically in the possession of either of the youths, and absent some telekinetic act, posed no threat to the defendant, his companions or their objective. The defendant and his companions could easily have prevented the youths from regaining possession of the gun without destroying it and it is clear on this record that the destruction of the gun constituted a punitive and retaliatory action which was without legal justification. (*Cf. People v. Lockwood* (1976), 37 Ill. App. 3d 502, *modified* (1976), 63 Ill. 2d 560 (defense of justifiable use of force held unavailable in trial for aggravated battery, since blow was struck in retaliation); *People v. Johnson* (1975), 33 Ill. App. 3d 957 (when original aggressor withdraws from confrontation, one who pursues him and uses deadly force loses benefit of any claim of self-defense).) Since there was no evidence that the destruction of the gun was justified, either on the basis of self-defense, defense of others or defense of property, there was no error in the trial court's failure to instruct the jury regarding these asserted defenses to the criminal damage to property charge. See *People v. Allen* (1972), 50 Ill. 2d 280.

■■ Finally, the defendant argues that his sentence is excessive in view of the circumstances and the minor nature of the offense; he argues that this court should vacate his sentence and impose a sentence of probation or conditional discharge. However, absent a clear abuse of discretion by the trial court, a sentence may not be reduced upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149.) Here, the defendant had an extensive prior criminal record, and we cannot hold that the sentence imposed by the trial court constituted an abuse of discretion.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., concurs.

Mr. JUSTICE GUILD, dissenting:
I disagree.

The majority recognizes that where a defendant appears *pro se* it has been held that the court has the burden of insuring that the jury is instructed on the elements of the crime charged. In this case the court did not do so, in my opinion.

There were three charges against the defendant. As to aggravated assault Illinois Pattern Jury Instructions, Criminal, No. 11.04 was given, BUT MODIFIED to add "without lawful authority." The jury found the defendant not guilty on this. As to battery, Illinois Pattern Jury

Instructions, Criminal, 11.06 was given, BUT MODIFIED to add "without legal justification." The jury found him not guilty of this charge. But, when they got to criminal damage to property Illinois Pattern Jury Instructions, Criminal, 16.02 was given BUT NOT MODIFIED. So, as the instruction reads, the State had to prove (1) "That the defendant knowingly damaged the property of Martin Bormanis" and (2) "That the defendant did so without the consent of Martin Bormanis." There is no question that he did just that. Under these circumstances the jury had no alternative but to find him guilty as defined under the instruction.

The "Use of Force in Defense of Property" instruction was given (Illinois Pattern Jury Instructions, Criminal, No. 24.08), which the majority believe cures the omission above. I do not believe this is correct. As to the two offenses which the jury found defendant guilty of, they had an out in the instructions. This was not so in the instruction as to criminal damage to property.

In *People v. Lewis* (1977), 53 Ill. App. 3d 89, 93, 368 N.E.2d 619, 623, the court did as here and gave instruction No. 24.06 (ours being No. 24.08), defining justifiable use of force. BUT the court said:

> "When the defendant raises the defense of justifiable use of force the IPI issues instruction should be modified to include the element 'that the defendant was not justified in using the force which he used.' "

In other words, was "without legal justification" a question posed for the jury's consideration in the charge of criminal damage to property? The problem in our case is more acute because, as to the battery and the aggravated assault charges, the jury was given the opportunity to consider whether he was justified—and they found he was as to those two charges. They WERE NOT GIVEN that choice in the criminal damage to property issue. They had no alternative under the criminal damage to property instruction No. 16.02 and were really bound to find him guilty. This they did and, indicative of their feeling, wrote on the verdict,

> "Due to circumstances the jury unanimously recommends suspension of sentence on the criminal damage charge."

Lastly, I call attention to the affirmative defenses section found in Illinois Pattern Jury Instructions, Criminal, No. 25.00, at page 436:

> "Therefore, when an affirmative defense has been raised the appropriate issues and burden of proof-defenses instruction should be superimposed upon the appropriate issues and burden of proof-crimes instruction so that the jury receives a *single instruction* covering all of the issues in the case." (Emphasis added.)

And that is what the court did here as to the charges of aggravated battery and assault but did not do in the criminal damage charge. The court in *Lewis* said they should have and so do I.

Even if the defendant were properly found guilty, and I do not so concede, the sentence imposed of 9 months incarceration is exceedingly excessive and disproportionate. A fine only would suffice for this offense if he were properly found guilty. The fact that he has a considerable criminal record does not justify such a sentence under the facts of this case where he had successfully been on parole since 1970. Additionally, I point out that the defendant suggested to the young man who had done the shooting that he call the police.

I would reverse and remand for a new trial.