(No. 51586

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHARLES MASINI, Appellant.

*Opinion filed December 3, 1979.*

18

CLARK, J., dissenting.

Julius Lucius Echeles and George M. Zuganelis, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield (Donald B. Mackay, Melbourne A. Noel, Jr., and Michael Vujovich, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, Charles Masini, was found guilty by a jury of criminal damage to property of less than $150 in value. The circuit court of Lake County entered judgment thereon and sentenced defendant to 9 months' incarceration. The appellate court affirmed, one judge dissenting. (65 Ill. App. 3d 1011.) We allowed defendant's petition for leave to appeal.

On November 13, 1976, at approximately 1:30 p.m., defendant was clearing brush on a farm which he had leased. He was using what he referred to as a "brush axe." Also according to defendant, he and his barn were hit by buckshot which he believed had been fired by two "light-headed" gentlemen approximately 300 feet away. Defendant enlisted the support of four other individuals, and the five of them tracked down two 16-year-old youths, Charles August and David Grosskopf, approximately 45 minutes later. August was carrying a shotgun which his stepfather had either loaned or given to him.

In approaching the two youths, defendant held his axe

"at port arms." He then told August three times to put the gun down, and, after the third time, defendant lowered the axe "to guard." When August hesitated, defendant held the axe "out as a defensive measure." In his testimony, August said, "He had it in my gut." Grosskopf, too, testified that the axe was placed against August's stomach. August then relinquished control of the gun.

Defendant then used the axe to lift August's lapels. He did so, he testified, "to check for a concealed weapon." Grosskopf's account of this aspect of the confrontation was similar. He testified that defendant "looked into Chuck's coat, pressing it against him, looking into his coat for—I don't know what he was looking for—probably a concealed weapon or something like that; I don't know."

August added in his testimony that defendant asked, in reference to a pouch that August was carrying, "What's in there?" August produced a rabbit that he had shot and, according to August, defendant "started hollering about shooting his bunnies." At trial, the youths admitted shooting at other rabbits, too, as well as a railroad light on tracks adjacent to defendant's property.

August then picked up the gun and leaned it against a nearby fence. While it was leaning against the fence, defendant chopped the shotgun in half with his axe. In his testimony, defendant stated that he did so to protect against further threat to persons, wildlife, or property.

Following the incident, the youths contacted the police, and defendant was thereafter charged with criminal damage to property of less than $150 in value, aggravated assault, and battery. He was convicted and sentenced to 9 months' imprisonment on the criminal damage charge but acquitted on the other charges. The appellate court affirmed, and this appeal followed. Our review is limited to the criminal damage conviction and sentence.

Defendant first asks us to rule that the circuit court erred in instructing the jury. The Illinois Pattern Jury

Instructions (1968) on battery and aggravated assault (IPI Criminal Nos. 11.04, 11.06) were given at defendant's trial and were modified, respectively, to include the phrases "without legal justification" and "without lawful authority," thus allowing the jury to acquit defendant of these charges if it found that defendant was justified in his actions in confronting Charles August and David Grosskopf. The IPI criminal damage instruction (IPI Criminal No. 16.02) was also given, but it was not modified to include a reference to legal justification or to the use of lawful authority. Defendant maintains that the defenses of self-defense, defense of others, and defense of property were raised as to all offenses charged and that the circuit court therefore erred in failing to include the phrase "without lawful authority" in the criminal damage instruction. Defendant argues further that this defect in the criminal damage instruction was not cured merely because the circuit court gave a separate instruction on justifiable use of force in defense of property (IPI Criminal No. 24.08). The State questions defendant's right to raise this argument in this court, as well as the merit of the argument itself. As to the former, the State points out that defendant did not submit his own proposed criminal damage instruction (58 Ill. 2d R. 366(b)(2)(i)) or object to the instruction given. In rebuttal, defendant contends that the issue is preserved for review by virtue of Rule 451(c) (58 Ill. 2d R. 451(c)), which provides that, as to instructions, "substantial defects are not waived by failure to make timely objections thereto if the interests of justice require." Alternatively, defendant argues that the instruction desired is fundamental in nature and that the circuit court is obligated to give such an instruction regardless of whether one is requested by the parties. Pointing out that he appeared *pro se* in the circuit court, defendant argues that reviewing courts should be especially careful to ensure that the jury was properly instructed. He also brings to our

attention the notation of the jury on its verdict form which states, "Due to circumstances the jury unanimously recommends suspension of sentence on the criminal damage charge." This, the defendant argues, indicates that the jury would have acquitted defendant on the criminal damage charge if it had known that it could not influence sentencing.

Because we do not believe that defendant produced any evidence of justification for breaking the gun which would require the desired modification of the criminal damage instruction, we are unable to find a defect in the instruction, much less a "substantial defect," which would support an exception to the waiver rule under Rule 451(c). "[W] e believe the jury could not reasonably have returned other than a guilty verdict, and therefore hold any error in this instruction has been waived." (*People v. Lyons* (1967), 36 Ill. 2d 336, 340.) For the same reason, we do not believe that the desired modification is fundamental in character. Defendant's argument pertaining to the instruction is therefore waived.

We do note that the trial judge, in recognition of his duty to protect the rights of a *pro se* defendant, did instruct the jury on such fundamental matters as the essential elements of the offenses charged, the State's burden of proof, and the presumption of innocence.

Defendant's remaining argument is that his sentence of 9 months' incarceration is excessive. He points out that the jury recommended suspension of sentence and that the State made no sentencing recommendation; he also claims that his probation officer recommended probation. As a result, defendant argues, the circuit court abused its discretion in imposing a term of imprisonment.

As to the fact that the jury recommended suspension of sentence, we find no merit to the contention that the circuit court was thereby precluded from imposing a term of imprisonment. The jury's only function was to deter-

mine guilt or innocence; the circuit court could correctly disregard the jury's recommendation as surplusage. (*People v. Coleman* (1911), 251 Ill. 497, 499-501; *People v. Worsham* (1975), 26 Ill. App. 3d 767, 769-70; *People v. Jensen* (1960), 24 Ill. App. 2d 302, 314, *aff'd* (1960), 21 Ill. 2d 52.) So, too, the prosecution's failure to express an opinion on the subject does not preclude the circuit court from imposing what it believes to be a suitable sentence. We also find no basis for defendant's contention that his probation officer recommended probation. The officer's report states, "Considering the fact the defendant is presently on Federal Parole until 1980, probation does not seem to be a suitable alternative in this case. The defendant stated that if a period of incarceration is a necessary measure, it is probable his Federal Parole will be revoked. It is hopeful the Court will consider these factors in sentencing the defendant." Contrary to defendant's argument, we do not interpret this as a recommendation of probation. The officer's statement was noncommittal. We therefore need not decide whether and to what extent the circuit court was bound by the probation officer's report.

Finally, we note that defendant does not claim that the circuit court considered improper sentencing factors or that it erred in considering his lengthy adult criminal record. The circuit court had before it materials which indicated extensive criminal activity on the part of the defendant, including Federal and State convictions. In light of this record, we could not say that the sentence of 9 months was excessive.

The judgment of the appellate court is accordingly affirmed.

*Judgment affirmed.*

MR. JUSTICE CLARK, dissenting:

The jury's determination that the defendant was guilty of criminal damage to property of less than $150 is

supported by the evidence, and I would affirm the conviction. The circuit court's sentence of 9 months' incarceration is excessive. A fine, suspended sentence or probation would have been just. As the dissent in the appellate court found, the criminal record of the defendant, who represented himself at trial, does not justify the sentence under the facts of this case (65 Ill. App. 3d 1011, 1018).

The defendant, and the barn on the property he was leasing, were pelted with buckshot while he was clearing brush. The complainant and his companion, while hunting, may or may not have been on his property; but one or both fired buckshot, which struck the defendant and his barn, on or onto the property, around which were signs indicating the property was a wildlife refuge. It does not surprise me that the defendant might have been fearful of possibly irresponsible shooting, or that he was angered that his "animal refuge" was being violated. Overreact he did. Anger, however, might have been justified. Certainly he did not engage in the threat to personal harm that he was subjected to by the complainant. Moreover, two matters, not binding on the trial court, I find significant. The jury recommended that defendant be given a suspended sentence, and his Federal probation officer testified that defendant had not caused problems during his supervision.

In *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, this court determined that a reviewing court may not alter a trial court's sentence absent an abuse of judicial discretion. Such abuse exists here. Factors to be considered in sentencing are "defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age" (68 Ill. 2d 149, 154). The record is devoid of evidence, apropos of these factors, which dictates so harsh a sentence.

I am puzzled that a sentence this harsh could be given for a crime of this character, a crime involving no injury to

the person. Fairness demands a remand for resentencing. I therefore dissent.