THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVE DAVIS, Defendant-Appellant.

Fourth District   No. 4—84—0413

Opinion filed February 7, 1985.

Daniel D. Yuhas and Deborah L. Rose, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and Perry Lee Miller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:
Defendant appeals his convictions upon jury verdicts of attempted robbery (Ill. Rev. Stat. 1983, ch. 38, par. 8—4(a)) and criminal damage to property (Ill. Rev. Stat. 1983, ch. 38, par. 21—1(a)), and from the respective concurrent sentences of three years and 364 days.
Upon appeal, defendant argues that the trial court erred in fail-

ing to instruct the jury *sua sponte* upon the elements of the offense of robbery, and in admitting into evidence the entire prior statement of the prosecuting witness after the latter had been impeached in cross-examination.

The course of events in evidence is bizarre, if not slapstick. Pokora, the complaining witness, testified that he was working at a small grocery store of which he is part-owner when a black male entered the store about 4:45 p.m. At that time there were three other persons in the store. When these customers left, the black male went to the cooler and took a quart of orange juice and walked to the meat counter where Pokora was working. The latter stated that he told the black male that he would check him out at the end of the counter. That statement was repeated when the black male ignored the statement. Pokora, who had placed a gun in his belt, moved to the opening in the meat counter and blocked the passage with a ladder, upon which he placed a case of quart bottles of beer.

Pokora stated that the black male attempted to come behind the counter, ripped open the case of beer and grabbed one of the bottles by the neck. Pokora testified that as that individual started to come towards him, he asked what the man wanted and the black male responded, "You know what I want." Pokora in turn stated, "Yes, I know what you want" and told the man to get out. As he walked towards the front of the store, the black male turned and threw the bottle of beer toward Pokora and then picked up jars of food which he hurled at the latter. Pokora then fired a charge of BB's into a display of paper products where the man was standing. The gun was otherwise loaded with live bullets. The black male fled out the front door. Pokora called the police, but before he finished the call, the man returned to the store through the front door, and Pokora fired a shot in the door frame.

Pokora testified that the man then went around to the back of the store, broke the glass in the back door, unlatched the hook lock and entered the store. Crouching low, he approached the cash register and reached for the knob on the side of the register which would open the drawer. Pokora then fired another shot and the black male fled through the back door and ran down the street.

Evidence technicians testified that no fingerprints capable of comparison were found on the jars, bottles or cash register knob but that defendant's fingerprints were found on the flap of the case of beer.

Defendant argues that he was denied a fair trial because the jury was not instructed on the elements of the offense of robbery.

Upon this record, the issue is available only if the omission is found to be plain error. The following instructions tendered by the State were given without objection and without preservation in the record by post-trial motion.

"A person commits the offense of attempt when he, with intent to commit the offense of Robbery, does any act which constitutes a substantial step toward the commission of the offense of Robbery.

The offense attempted need not have been committed.

To sustain the charge of attempt, the State must prove the following propositions:

FIRST: That the defendant performed an act which constituted a substantial step toward the commission of the offense of Robbery; and

SECOND: That the defendant did so with intent to commit the offense of Robbery.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

Under the general rule, failure to object at trial to an error in jury instructions waives the issue on appeal. (*People v. Underwood* (1978), 72 Ill. 2d 124, 378 N.E.2d 513; *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331.) However, the waiver rule does not bar review of substantial defects in instructions if the interests of justice require. *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331; 87 Ill. 2d R. 451(c).

There is an exception to the general rule:

"The interests of justice demand that the rule of waiver be modified, in criminal cases, where necessary to ensure the fundamental fairness of the trial. (*People v. Roberts* (1979), 75 Ill. 2d 1, 15; *People v. Parks* (1976), 65 Ill. 2d 132, 137.) Fundamental fairness includes, among other things, seeing to it that certain basic instructions, essential to a fair determination of the case by the jury, are given. Instructions on the elements of the offense are among these basic instructions, and we have recognized that the trial court has responsibility for ensuring that they are given. (*People v. Roberts* (1979), 75 Ill. 2d 1, 13.) The failure correctly to inform the jury of the elements of the crime charged has been held to be error so

grave and fundamental that the waiver rule should not apply. (*People v. Jenkins* (1977), 69 Ill. 2d 61, 66-67; *People v. Davis* (1966), 74 Ill. App. 2d 450; *People v. Lewis* (1969), 112 Ill. App. 2d 1.) It is of the essence of a fair trial that 'the jury not be permitted to deliberate a defendant's guilt or innocence of the crime charged without being told the essential characteristics of that crime.' *People v. Lewis* (1969), 112 Ill. App. 2d 1, 11." *People v. Ogunsola* (1981), 87 Ill. 2d 216, 222, 429 N.E.2d 861, 864.

In *People v. Davis* (1966), 74 Ill. App. 2d 450, 221 N.E.2d 63, the defendant was charged with attempted robbery. The jury was instructed as to the issues in the offense of attempt, but was not instructed as to the elements of the offense of robbery. The instruction concerning attempt did not mention the offense of robbery, but only referred to the offense attempted as the "specific offense." Finding that the instructions provided no guidance to the jury in determining the specific offense attempted, as well as whether the defendant had taken a substantial step in its commission, the court reversed the defendant's conviction, holding that an instruction defining or setting forth the elements of the offense is "so vital to the veriest function of a jury that it must be the court's responsibility to make sure that such a one is given, directing its preparation, if necessary." 74 Ill. App. 2d 450, 454, 221 N.E.2d 63, 66.

The Committee Notes to the Illinois Pattern Jury Instructions (IPI) defining the offense of attempt provide that the court must also give an instruction that defines the offense alleged to have been attempted. IPI Criminal No. 6.05 (2d ed. 1981).

IPI Criminal 2d No. 14.03, defining the offense of robbery, provides:

"A person commits the offense of robbery when he takes property from the person or the presence of another by the use of force or by threatening the imminent use of force."

Upon the facts before us, the attempted robbery by defendant is largely to be inferred from conduct which, in part, could be deemed threatening and an alleged statement which was less than specific as to robbery. The testimony, as to the defendant's third entry to sneak up to the cash register, had some aspects of theft rather than the use of force. Where the failure to instruct concerns "a disputed issue essential to the determination of defendant's guilt or innocence," fundamental fairness requires that the conviction be reversed. (*People v. Ogunsola* (1981), 87 Ill. 2d 216, 429 N.E.2d 861.) On the other hand, the testimony concerning the throwing of bottles

and cans is so closely intertwined with mutual combat and with the use of the weapon by Pokora that it is a question of fact as to whether defendant planned the use of force to obtain money from the presence or person of Pokora. Upon the sum of the record, it is apparent that contrary conclusions of fact might be drawn by the jury if the elements of robbery had been defined.

Where the failure to instruct concerns "a disputed issue essential to the determination of defendant's guilt or innocence," fundamental fairness requires that the conviction be reversed (*People v. Ogunsola* (1981), 87 Ill. 2d 216, 223, 429 N.E.2d 861, 865), and we conclude that the trial court erred in failing to require the instruction of the jury as to the definition of the offense of robbery.

Upon the second issue appealed, defendant argues reversible error by reason of prejudice, when the court permitted a prior statement of Pokora's to be read to the jury in its entirety. The prosecution argues that the reading of the entire statement was necessary to explain apparent inconsistencies between Pokora's testimony and the statement as developed on cross-examination.

At trial, Pokora testified that after the black male ripped open the case of beer and grabbed a bottle by the neck, he asked him, "What do you want?" Pokora stated that the black male responded, "You know what I want." Pokora answered, "Yes, I know what you want." On cross-examination, Pokora stated that the above remark by the black male was included in the written statement; however, Pokora admitted that it did not contain the statement allegedly made by the black male that "You know what I want," and agreed that other than the statement "You know what I want," nothing said by defendant indicated a robbery.

On redirect examination, the State offered the written statement into evidence in order to explain the inconsistency in Pokora's testimony. Davis' objection on the ground of improper foundation was overruled by the court, and the statement was admitted.

The State then requested leave to publish the statement to the jury. Davis objected and, initially, the trial court sustained the objection. The court then inquired as to the purpose of the publication, and the State explained that it was to explain the inconsistency alleged by Davis. The trial court changed its ruling and allowed the statement to be read to the jury.

The pertinent part of the statement is, as follows:

"He then tore the beer case open and grabbed a bottle of it by the neck. I told him at this time 'I know what you want.' "

The rule here applicable was stated by the court in *People v. McConnell* (1977), 48 Ill. App. 3d 355, 363, 362 N.E.2d 1280, 1287, quoting *Kenilworth Insurance Co. v. McDougal* (1974), 20 Ill. App. 3d 615, 621, 313 N.E.2d 673, 678:

"Prior out-of-court statements consistent with direct testimony cannot be used to rehabilitate the direct testimony even after impeachment on cross-examination. [Citations.] However, to avoid unfairness it is permissible to explain or qualify the impeaching statement from the same document by showing that the impeaching statement was taken out of context or so isolated as to be misleading."

In the present case, counsel for Davis impeached Pokora's testimony by showing that the remark allegedly made by the black male was not contained in a statement given by Pokora after the incident. On redirect, the State sought to qualify the inconsistency by showing that part of the purported conversation, albeit not defendant's remark, was contained within the prior statement.

■ For the purpose of rehabilitation upon the facts present here, it would be quite sufficient, at most, to permit reading the statement relating to the conversation. While it may be said that the contents of the statement describing the shooting and throwing of missiles are merely cumulative, the emphasis necessarily resulting from cumulative testimony may itself be prejudicial. For this reason, we conclude that the reading of the contents of the statement should be strictly limited to explaining or qualifying the alleged impeachment by showing the correct context of the entire conversation.

For the foregoing reason, the conviction upon the charge of criminal damage to property is affirmed, the conviction of the offense of attempted robbery is reversed, and the cause is remanded for further proceedings upon the charge of attempted robbery not inconsistent with the views expressed herein.

Affirmed in part; reversed in part; remanded with directions.

GREEN, P.J., and McCULLOUGH, J., concur.