**People of the State of Illinois, Defendant-in-Error, v. Roy A. Mitchell, Plaintiff-in-Error.**

**Term No. 57–O–18.**

Fourth District.

February 7, 1958.

Released for publication February 28, 1958.

Irving M. Wiseman, of Alton, for defendant and plaintiff in error, Roy A. Mitchell.

Dick H. Mudge, Jr., State's Attorney, of Edwardsville, and Merle C. Bassett, Assistant State's Attorney, of Wood River, for defendant in error.

PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This cause comes on to be heard on transfer from the Supreme Court of this state for the assigned reason that the case was wrongfully appealed to said court, and arose from a conviction of plaintiff-in-error (hereinafter called defendant), Roy A. Mitchell of the crime of a second offense of keeping a gaming house. The defendant was indicted in January, 1957 for a misdemeanor of a second offense of keeping a gaming house (1955 Illinois Revised Statutes, Chapter 38, Section 325). Following a plea of not guilty a number of preliminary motions were filed, including a challenge to the array, which was filed on the first day of the trial. This challenge was withdrawn. The case was tried before a jury in the Circuit Court of Madison county and

the jury returned a verdict finding defendant guilty and fixing his punishment at six months in jail and assessing a fine of $500. The verdict was signed by all twelve jurors and the jury was polled by the court. A post trial motion for new trial was denied by the court, and defendant was sentenced in accordance with the verdict of the jury.

This cause was appealed by this defendant to the Supreme Court of this state on the theory that he was denied his Constitutional right of trial by jury. A motion was filed in the Supreme Court in the name of The People of the State of Illinois stating that defendant had failed to raise such constitutional issue in the trial court and had waived any objection he may have had to the selection of the jury and, therefore, no constitutional question had been preserved or could be presented in the case.

■■■ On appeal in this cause the defendant raises a number of basic issues, the first of which arises out of the question of the validity of the jury venire. As shown by the record a challenge to the array was first filed by defendant in the Trial Court and thereafter withdrawn and defendant proceeded with the trial of the case. It has been determined by the Supreme Court of this state that a defendant cannot allow a trial to conclude without objection and afterward seek to have a judgment against him set aside because of irregularities in the selection of the jury venire (People v. Conners, 246 Ill. 9). A challenge to the array is the only manner in which the question sought to be raised could be preserved for review. In the case before us, in addition to the waiver by defendant through withdrawal of his challenge to the array, he has failed, in the state of the record before us, to show any prejudice to himself as required by the provisions of the 1957 Illinois Revised Statutes, Chapter 78, Section 35. This statutory provision expressly requires that a defendant should show actual and substantial prejudice to himself

by virtue of a deviation in the manner of selecting the jury venire. This principle has been supported by prior decisions in this state (People v. Siciliano, 4 Ill.2d 581; People v. Switalski, 394 Ill. 530).

■ Another point raised on appeal is that the Trial Court refused to order witnesses for the prosecution to submit to an interview with the defendant or his counsel. The two occurrence witnesses' names were endorsed on the back of the indictment. The evidence shows that the witnesses refused to discuss the facts or the evidence which would be presented by such witnesses with attorney for the defendant other than in the presence of the prosecuting attorney. While it is not consistent with our standards of procedure for a prosecuting attorney to direct witnesses not to talk with defense counsel, it is clear that these witnesses were not required to discuss their testimony with counsel, nor would a court be required to enter an order directing that such witnesses be produced in court so that counsel could interview the witnesses (People v. Duncan, 261 Ill. 339). As the court in the Duncan case indicated, a defendant is entitled under the law to be served with notice that the witnesses would be called to testify on behalf of The People on the trial. Such witnesses, however, are under no obligation to grant an interview to defendant or to counsel for defendant, or discuss with such defendant or defendant's counsel, what the testimony would be, unless the witnesses chose to do so.

■ Defendant also attacks the indictment in this case as being insufficient in that it does not use the language of the statute in charging that the offense of gambling was committed in a "building, booth, yard, garden, boat, or float," as specified in the statute. The indictment recited that the defendant unlawfully kept a "common gaming house then and there located at Forkeyville Tavern, State Highway 140, in the county and state aforesaid, and did then and there permit

193

certain persons to come together and play at a game of chance." As stated in People v. Carr, 255 Ill. 203, "It is the usual and safe practice in such cases to use the words of the statute in describing the premises, but it has been held a description of premises plainly included in the statutory designation is sufficient." In the case of People v. Gillespie, 344 Ill. 290, the defendant was charged with burglary and contended that the indictment was defective since it did not allege that a "tool shed" was a building. Such indictment was held sufficient. In Bruen v. The People, 206 Ill. 417, it was held that an hotel was a building, and an indictment using language referring to the hotel was also sufficient. Under the circumstances we feel that the indictment was sufficient in the instant case.

It is also contended by defendant that it was prejudicial for the state to introduce exhibits which were sworn to by defendant showing his liquor license applications. The purpose of the exhibits was obviously to establish the fundamental requirement that this defendant was the same person who had pleaded guilty to a previous offense of keeping a common gaming house at the Forkeyville Tavern, on March 12, 1947. Proof was made of his identity and no evidence was offered in contradiction of such evidence. The introduction of the evidence was proper and relevant and did not constitute error.

On appeal in this cause defendant also contends that his cross examination was improperly limited and that the evidence of the witnesses, described by him as "purchased witnesses," was not sufficient alone to prove the guilt of defendant in a criminal case. The witnesses referred to were two investigators, Delbert Landers and James Cox, who entered the premises operated by defendant to make an investigation for the purpose of ascertaining whether a gaming house was being operated in the premises. They testified posi-

194

tively as to such matters and so far as the record shows, were not paid or rewarded for such activities.

█ In examining the record we do not find that the cross examination of these witnesses was limited in an improper manner, but objections were sustained as to matters which were wholly collateral to any issues before the court and jury, nor do we find under the state of the record that the evidence of such witnesses comes within the limitations described in People v. Crane, 302 Ill. 217, 225. There was nothing in the record to show that the witnesses were prejudiced against the defendant, or purchased in any sense which would discredit their testimony.

On a review of the entire record we must conclude that the verdict of the jury was proper and the decisions of the Trial Court were correct. The order and sentence of the Circuit Court of Madison county will, therefore, be affirmed.

Affirmed.

BARDENS and SCHEINEMAN, JJ., concur.