**People of the State of Illinois, Plaintiff-Appellee, v. Curtis Lewis (Impleaded), Defendant-Appellant.**

**Gen. No. 52,092.**

First District, Fourth Division.

February 28, 1969.

Rehearing denied September 8, 1969.

1

Gerald W. Getty, Public Defender of Cook County, of Chicago (Norman W. Fishman and James J. Doherty, Assistant State's Attorneys, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CHARGE
Unlawful sale of a narcotic drug. Ill Rev Stats (1963), c 38, § 22–3.

DEFENSE AT TRIAL
Insanity. Ill Rev Stats (1963), c 38, § 6–2.

JUDGMENT

After a jury trial, defendant was found guilty and sentenced to a term of 10 to 20 years.

POINTS RAISED ON APPEAL

(1) A comment by the State's Attorney and an inadequate instruction deprived defendant of a fair and unprejudiced competency hearing.

(2) Defendant was prejudiced by being denied an opportunity to interview the informer-purchaser-witness without the State's Attorney being present.

(3) The court erred in regard to jury instructions.

THE TRIAL

In October 1964, when the trial was scheduled, the State obtained a continuance on the ground that it could not locate James Jordan, the informer-purchaser. At the commencement of the trial on December 14, 1964, the prosecution stated, however, that it was then prepared to call him as a witness. Defense counsel requested an opportunity to interview the witness before he took the stand, since he had been unable to locate the witness prior to trial. The prosecution consented, provided an Assistant State's Attorney could be present during the interview. Over objection, the court ordered that defense counsel could conduct the interview, but only in the presence of the State's Attorney.

The principal witnesses for the State were the informer who purchased heroin from defendant, and police officers who arrested defendant at the scene while he was still in possession of the marked currency which had been used for the purchase.

For the defense, a part of defendant's military record was introduced into evidence, showing a history of mental illness while in service. A psychiatrist also testified that defendant had a record of three periods of hospitalization for mental illness, each at a time when defendant was being charged with a criminal offense; that

4

in his opinion defendant could not appreciate the criminality of his actions at the time of the current offense, nor could he conform his conduct to the requirements of law. In rebuttal, a psychiatrist gave a contrary opinion on behalf of the State.

## THE COMPETENCY HEARING

In the course of the trial, the court, on its own motion, called a separate jury to determine defendant's competency to stand trial. Ill Rev Stats (1963), c 38, § 104–2(b). At this hearing a psychiatrist testified on behalf of the State, and defendant himself was the only other witness. When the jury found defendant competent, the trial proceeded.

## OPINION

(1) Defendant claims that he was denied a fair competency hearing because of a prejudicial statement made to the jury by the State's Attorney. Defendant also claims the court erred by failing to instruct the jury that the State had the burden of proof.

■ The statement in question was made during the State's Attorney's closing argument when he said, "If he [defendant] is declared competent, he will stand trial, as he deserves to stand trial, for the sale of narcotic drugs." We do not find unfair prejudice against defendant from this statement.

■ The inquiry at a competency hearing is the defendant's capacity to understand the nature and purpose of the proceedings against him and to assist in his defense against the crime charged. Ill Rev Stats (1963), c 38, § 104–1; People v. Burson, 11 Ill2d 360, 143 NE2d 239. The jury here knew that the defendant was in custody and charged with some crime. The specific nature of the crime was not raised before the jury until the State's closing comment. The testimony concerning a criminal charge was sufficient, however, to eliminate any unfair prejudice from this comment. The

5

testimony of Dr. Haines relating to the competence of defendant to understand the charge against him was uncontradicted and substantially supported the jury's determination of competency. We find nothing in the State's Attorney's argument which deprived defendant of a fair hearing on the issue before the jury.

██ Defendant also claims error because the jury was not instructed that the State had the burden of proving defendant competent, the court having instructed the jury only as to the standard of competence required to stand trial. Defendant offered no burden-of-proof instruction, and at the outset of his closing argument the State's Attorney expressly declared that the State had this burden. It would have been better if the court had instructed on burden of proof, but in the nature of the testimony heard, the burden of proof was so clearly carried by the State that here, too, we fail to see that defendant was prejudiced. It may also be noted, collaterally, that defendant's own psychiatrist, later at the trial, gave opinion testimony which had the effect of establishing defendant's competency to stand trial.

(2) Defendant next contends that he was obstructed in the preparation of his defense by the ruling of the court that defense counsel could interview the informer-purchaser only in the presence of the Assistant State's Attorney. Prior to the time of trial, neither the State nor the defense had been able to locate this witness. His name had been included in the list of witnesses which had been furnished to the defense, but he could not be found at the address shown thereon.

 Generally, a prosecution witness need not grant an interview to defense counsel unless he chooses to do so. People v. Mason, 301 Ill 370, 378–379, 133 NE 767; United States v. Bowens, 318 F2d 828; People v. Mitchell, 16 Ill App2d 189, 147 NE2d 883; People v. Duncan, 261 Ill 339, 103 NE 1043. As stated in People v. Touhy, 361 Ill 332, 349, 197 NE 849, "we know of no

6

rule which would authorize the court to compel a witness to be examined in private by counsel for either side of a case, especially in the absence of the consent of the witness. . . ." In its discretion, a court may, as in this case, direct that a witness be made available for questioning, and in such a circumstance it would not be unreasonable to direct police protection for the witness, as was suggested by defense counsel in this case. The personal security of the witness would seem to be the key to the presence of a third person, rather than the special legal knowledge which would be the factor added by the presence of a State's Attorney.

 It is improper for a State's Attorney to direct a witness not to answer questions of defense counsel. If the witness in this case, however, had been available for interview during the entire pretrial period, he might, on his own initiative, have declined to talk to defense counsel, and the matter would then have been terminated. Or he might have elected to answer the questions of defense counsel, with a similar result. It has not been suggested by the State that in such a situation the State would have been entitled to have a State's Attorney present. The circumstances of the present case should not require a different rule. We conclude that the order of the court in this case did not, under Mason, supra, constitute sufficient basis for reversal. Nevertheless, since this case will be remanded for the reasons set forth in (3) below, we express our view that the better practice would limit the condition of the court's order to protection of the witness against injury, threat, intimidation, and the like, all of which could be supplied by the sheriff or the police.

(3) Finally, defendant contends that the jury was inadequately instructed on the defense of insanity, and the burden and quantum of proof in regard thereto. As bearing on the issue of sanity, defendant also complains that "[n]o instruction named the elements of the

crime." On these points we find reversible error which requires a new trial.

In order that the jury not be left to its own speculation or improvisation, it is essential that it be correctly and fully instructed by the court concerning the elements of the crime charged, the defense of insanity, the burden of proof as to the elements of the crime and as to the sanity of defendant, and the quantum of proof required on all issues to support a verdict of guilty. If all these matters were adequately covered in this case, they must be found in the following instructions, part of which was tendered by the State and part by the defense:

> (1) Throughout this case the burden of proving the guilt of the defendant beyond all reasonable doubt is on the State and the law does not require the defendant to prove his innocence.
>
> (2) If you are convinced from all the evidence in the case beyond all reasonable doubt that the defendant is guilty *as charged in the indictment,* it is your duty to find such defendant guilty. If you are not convinced from the evidence beyond all reasonable doubt of the guilt of the defendant, it is your duty to find such defendant not guilty.
>
> (3) The Jury is instructed that it is incumbent upon the prosecution to prove *every material allegation of the indictment as therein charged.* Nothing is to be presumed or taken by implication against the defendant. The law presumes him innocent of the crime with which he is charged until he is proven guilty by competent evidence; and if the evidence in this case leaves upon the minds of the Jury any reasonable doubt of the defendant's guilt, the law makes it your duty to find him not guilty.
>
> (4) The Court instructs the Jury that the defendant may, or may not, take the stand as he or his counsel see fit and deem proper. The fact that

8

the defendant does not take the stand in this case is not in any way evidence for you to consider as to his guilt. *You must decide this case solely upon the evidence that has been given from the witness stand as introduced by the State.* You will understand from this instruction that every person charged with a crime is presumed to be innocent, and it is absolutely necessary that the State should convince you, and each of you, beyond all reasonable doubt of the guilt of the defendant *as charged in the indictment.*

(5) The court instructs the jury in the language of the Statute that it is unlawful for any person to sell any narcotic drug, *except as authorized by the Illinois Statute entitled the Uniform Narcotic Drug Act.*

(6) The Court instructs the jury that the plea of not guilty made by the defendant is a complete denial by the defendant of *each and every fact and allegation contained in the indictment* and such plea of not guilty by the defendant puts into issue and dispute by the defendant *each and every material allegation contained in this indictment.*

(7) The court instructs the jury that a person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or mental defect, he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law.

The terms "mental disease or mental defect" do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

(8) The jury is instructed that *if you find from the evidence* that Curtis Lewis at the time of the alleged crime lacked substantial capacity to either appreciate the criminality of his conduct or to conform his conduct to the requirements of the

9

law due to a mental disease or mental defect, then he is not criminally responsible for his conduct and it is the duty of the jury to find the defendant, Curtis Lewis, not guilty.

(9) The Court instructs the jury that *to warrant a conviction in this case, it is incumbent on the people to establish to the satisfaction of the jury, beyond a reasonable doubt, the existence of every element necessary to constitute the crime charged;* and if, after a careful and impartial examination of all the evidence in the case bearing upon the question of sanity or insanity, the jury entertain any reasonable doubt of the guilt of the defendant, at the time of the alleged offense they should give the defendant the benefit of that doubt and acquit him.

The instructions above have been numbered for convenience of reference in this opinion, and we have supplied all the emphasis indicated.

We note, first, that in instruction (2), which was tendered by the State, and instructions (3), (4) and (6), which were tendered by defendant, the jury is referred to the indictment for the purpose of ascertaining the charge against defendant, with the obligation to apply certain rules governing the jury's consideration of the evidence in regard thereto. If, in addition, the jury had been properly instructed as to the elements of the crime charged, the giving of these instructions would probably not have constituted serious error, even though the instructions would nevertheless have produced far more confusion than enlightenment. A conscientious juror, being directed no fewer than five times to the indictment, and not having that document before him, is left without the guidance which is his due, and the court's duty, and the juror is then certain to fill the void with his own speculation.

We must determine, therefore, whether, in the above instructions, the jurors were adequately instructed

as to the elements of the crime charged. And we find that they were not. Instruction (5) is the one which attempts to do this but fails in two particulars. First, it omits the element of the crime relating to defendant's mental state; it does not recognize that the offense of selling, etc., is not complete unless done knowingly. See Ill Rev Stats (1963), c 38, §§ 4–3, 4–5, 22–3; [1] People v. Bussie, 41 Ill2d 323, 324, 243 NE2d 196; and People v. Bolden, 103 Ill App2d 377, 243 NE2d 687, 689. The instruction is also bad because it leaves it up to the jury to decide what exceptions may be "authorized by the Illinois Statute entitled the Uniform Narcotic Drug Act." Aside from a lack of delineation of those exceptions, the confusion of the jury resulting from this instruction is compounded by the fact that defendant did not argue that he was excused by any statutory exception, and the evidence disclosed none.

This instruction (5) was tendered by the State, was given by the court without objection by defendant, and no other instruction setting forth the elements of the crime was offered. We consider none of these facts to be relevant here, since it was a fundamental responsibility of the court to see to it that the jury not be permitted to deliberate defendant's guilt or innocence of the crime charged without being told the essential characteristics of that crime. For further discussion of

---

[1] Section 22–3 provides in part:

It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this Act.

Section 4–3 reads in part:

(a) A person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having one of the mental states described in Sections 4–4 through 4–7.

The mental states described in Sections 4–4 through 4–7 are: intent, knowledge, recklessness, and negligence.

11

our view on this point, we refer to People v. Davis, 74 Ill App2d 450, 452–457, 221 NE2d 63.

Since we conclude that this case must be remanded for a new trial, we shall comment briefly on other points involving instructions.

■ The third sentence of instruction (4) is seriously erroneous when used in this case because it excludes from the jury's consideration the psychiatric evidence introduced on behalf of defendant in support of his insanity defense.

■ Instruction (7) describes the affirmative defense of insanity (Ill Rev Stats (1963), c 38, § 6–2), but nowhere in the instruction is the rule adequately set forth as to the requirements of proof in this regard. See Ill Rev Stats (1963), c 38, § 3–2.[2] There can be no question in this case that there was "some evidence" of insanity. The jury must therefore have been instructed that a guilty verdict could be supported only if the State had proved beyond a reasonable doubt that defendant was sane at the time of the crime alleged (in addition, of course, to the same quantum of proof as to each element of the crime). No instruction quite does this. Instruction (1) is too general for this purpose and would not be understood by the jury as encompassing the issue of defendant's sanity. Instruction (2) could be positively misleading in this regard, as it might well authorize a guilty verdict on the basis of the charge in the indictment without consideration of defendant's san-

[2] Section 3–2 provides:

(a) "Affirmative defense" means that unless the State's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, must present some evidence thereon.

(b) If the issue involved in an affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense.

This section declares the previous case law. People v. Munroe, 15 Ill2d 91, 98, 154 NE2d 225.

ity. See People v. Munroe, 15 Ill2d 91, 100, 154 NE2d 225. Instructions (3) and (4) are limited by their own terms to the allegations of the indictment. Instruction (8) covers neither burden nor quantum of proof. Instruction (9) comes the closest to covering the issue, but really does not state clearly that the State had the burden of proving beyond a reasonable doubt that defendant was sane at the time of the alleged crime.[3]

DECISION

The judgment of the Circuit Court is reversed and the cause is remanded for a new trial.

Reversed and remanded.

DRUCKER, P. J. and McCORMICK, J., concur.

---

[3] Since the trial of this case, Section 115–4 of the Code of Criminal Procedure has been amended to require special forms of verdict in cases involving the defense of insanity. Ill Rev Stats (1967), c 38, § 115–4(j). Suggested forms for such verdicts are to be found in the recently published IPI—CRIMINAL. Also to be found in that volume are pattern instructions pertinent to all the facets of this case. It is our belief, however, that the IPI instructions numbered 17.01 and 17.02 are incorrect in that they limit the element "knowingly" to cases involving possession and control. In our opinion, this mental state—knowingly—must also be included when an instruction tells the jury that a person violates the statute if he manufuactures, sells, prescribes, administers, dispenses, compounds, or uses a narcotic drug. See footnote 1, above, and People v. Bussie, 41 Ill2d 323, 324, 243 NE2d 196.