**People of the State of Illinois, Plaintiff-Appellee, v. Warene Davis, Defendant-Appellant.**

**Gen. No. 52,843.**

First District, First Division.

November 24, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant was indicted for the crime of murder and was found guilty of the offense of voluntary manslaughter in a jury trial. She was sentenced to a term of three to ten years. In seeking a reversal of this conviction, the defendant raises questions concerning the instructions given to the jury and the prosecutor's closing argument.

The evidence in support of defendant's conviction reveals that on the evening of July 8, 1967, the defendant was holding a party for her little girl in the defendant's apartment at 7733 South Blackstone, in Chicago. The decedent, Ronald Johnson, was on the porch on the evening in question. The defendant was informed that the decedent had struck one of her children and she questioned the decedent about this. Some words were exchanged and the defendant took a pistol from a nearby sofa. The decedent came at the defendant, who allegedly retreated but then fired several shots, killing the deceased as he came towards her. Defendant testified that the deceased had first approached her son with a

clenched fist and then turned toward her with his fist clenched. Several witnesses corroborated the defendant's testimony that the deceased had called her a "bitch" and that he had approached her with a clenched fist, while other witnesses denied these facts. A pathologist testified that the deceased had 216 milligrams percent of alcohol in his blood.

From this evidence, the defendant attempted to assert a defense of justified use of force. In this regard, the court instructed the jury as follows:

> "The Court instructs the jury that a defense of justifiable use of force, or of exoneration, based upon the provisions of the Statutes of the State of Illinois relating to Criminal Law and Procedure is an affirmative defense. Defense Instruction No. 3.
>
> "The Court instructs the jury that there was applicable in the State of Illinois at the time of the alleged occurrence in question a certain statute relating to rights of Defendants under Chapter 38, Illinois Revised Statutes (1965) which provides that 'If the issue involved in an affirmative defense is raised, then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense.'" Defense Instruction No. 4.

On this appeal, the defendant contends that the use of the words in Instruction No. 3 "affirmative defense" and "if the issue involved in an affirmative defense is raised" in Instruction No. 4, constitutes error. Such language intimates that the defendant had the affirmative burden of producing evidence. Thus, by instructing the jury in this manner, the defendant claims that the burden of proof was shifted to her. The State contends that the issue cannot be raised since the defendant had tendered said instructions.

■ We agree with the State's contention. The Supreme Court has stated in People v. Riley, 31 Ill2d 490, 202 NE2d 531 (1964), at page 496:

> "It is axiomatic that an accused cannot complain of error acquiesced in or invited by him, and to this end we have held that a defendant may not complain of defects in instructions which were given at his request, (People v. Beil, 322 Ill 434, 442; People v. Fox, 319 Ill 606, 619). . . ."

To allow a defendant to allege error upon a point that was the product of his own doing would certainly lead to unconscionable results. We are further supported in this holding by the fact that the defendant has not questioned the representation provided by her chosen legal counsel. We find that the additional authority cited by defendant's counsel in oral argument of People v. Lewis, 112 Ill App2d 1, 250 NE2d 812, is not applicable to the defendant's contention.

■ ■ The defendant also objects to a number of statements made by the State's Attorney in his closing argument. The defendant contends that prejudicial error was committed when the prosecutor argued that the alcohol in deceased's bloodstream was probably obtained at defendant's apartment; that the shots were fired without regard to other children in the vicinity; that the jury could not believe the testimony of defendant's son who was characterized as "the thirteen-year-old boy of this twenty-five-year-old woman." We believe that the statements made by the prosecutor were accurate and were based on the evidence adduced at the trial. We do not agree with the defendant that the last statement regarding the ages of the defendant and her son in any way inferred that the defendant was immoral and that her son was illegitimate.

■■■■■■

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.