THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE FOSTER, Defendant-Appellant.

(No. 12617; )

Fourth District—November 21, 1974.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Bobby F. Sanders, State's Attorney, of Charleston, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Clarence Foster, appeals from his conviction for the offense of burglary in violation of section 19—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 19—1) and from a sentence imposed of 3 to 9 years. The only issue raised on this appeal is whether the court erred in giving a misleading instruction to the jury on the law regarding the defense of intoxication.

Defendant was indicted for the alleged burglary of the residence of the Fred Sampson family on April 22, 1973. An essential element of that offense is that defendant enter the building with the specific intent to commit a theft therein. Conflicting evidence was adduced at the trial regarding the degree of defendant's intoxication. Fred Sampson, defendant's employer, testified that upon his return from a fishing trip he discovered defendant in his kitchen. He testified that defendant stated to him, "Forgive me, Dad, I'm drunk." He further stated that it appeared that defendant had been drinking but defendant did not stumble and spoke to him clearly. Margaret Sampson testified that she was with her

husband when defendant was discovered in their house, and that defendant walked out of the house without weaving or stumbling. She testified that defendant had been drinking, and that she smelled liquor on his breath. Fred Sampson, Jr., testified that he observed defendant leave the house smoking a cigarette without staggering. Iva Freeman, defendant's sister, testified to drinking with defendant on the day in question, and stated that when defendant left her house he was "feeling no pain." She stated that upon his return he was "still pretty well loaded then" and staggering. Defendant testified that he was drinking heavily the entire day in question, and that he did not remember being at the Sampson residence.

At the jury instruction conference the State submitted People's Instruction No. 3 which stated:

> "An intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting intentionally.
> A voluntary condition of drunkenness is no excuse for the commission of a crime."

Defendant's counsel then objected to the instruction:

> "Mr. Davis: Object because he says in the second paragraph he takes away what he says in the first paragraph, the defense is voluntary, defense of drunkenness. In other words, you can't say that he could possibly excuse his drunkenness if it was to the extent that the voluntary condition of drunkenness is no excuse for the commission of a crime, that it is an excuse.
> Mr. Sanders: Your Honor, both of these are in the spirit of the statute and that will be holding that it is proper to drunkenness is no excuse—it is the excessive that is to the defense that is stated in the first paragraph and the other spirit in the second paragraph.
> The Court: Instruction #3 is accepted. Given over the objection of the defendant."

The jury then found defendant guilty of the offense as charged.

■■ It is well established that a jury instruction may not be misleading or confusing and should fully and fairly inform the jury of the law applicable to the respective theories of the defense. (*People v. Kolep,* 29 Ill.2d 116, 119 N.E.2d 753; *People v. Lewis,* 112 Ill.App.2d 1, 250 N.E.2d 812; *People v. Fort,* 133 Ill.App.2d 473, 273 N.E.2d 439.) The instruction given was clearly erroneous.

The first sentence of the instruction is couched in the language of IPI—Criminal No. 24.02. This is a plain, concise accurate and comprehensible statement of the law. It was immediately and improperly contradicted by the addition of the second sentence which is not a part of the pattern

instruction. When read as a whole the jury was, in effect, told that the defendant was not criminally responsible if he was so intoxicated that he could not act intentionally *unless* his intoxication was voluntary. This is an incorrect statement of the law which is set forth in section 6—3 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 6—3).

■■ The jury was not properly instructed on the law applicable to the case. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.