# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Hale*, 2012 IL App (4th) 100949

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TONI C. HALE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0949 |
| Filed | March 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for threatening a public official and aggravated battery arising from defendant's attacks on a county correction officer after she was placed in a holding cell at a jail, the evidence was sufficient to sustain her conviction for aggravated battery, notwithstanding her contention that the evidence failed to show the officer was insulted or provoked by her conduct, since the jury could infer the officer was insulted and provoked when defendant bit him on the arm, but her conviction for threatening a public official was reversed and the cause was remanded for a new trial where the jury was not instructed on the element that her threat had to "contain specific facts indicative of a unique threat to the person, family or property of the officer and not a generalized threat of harm." |
| Decision Under Review | Appeal from the Circuit Court of Adams County, No. 09-CF-392; the Hon. Michael R. Roseberry, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded for further proceedings. |

Counsel on Appeal

Michael J. Pelletier, Karen Munoz, and Janieen R. Tarrance, all of State Appellate Defender's Office, of Springfield, for appellant.

Jonathan H. Barnard, State's Attorney, of Quincy (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.

Justices Pope and Knecht concurred in the judgment and opinion.

## OPINION

¶ 1 In October 2009, a jury found defendant, Toni C. Hale, guilty of single counts of threatening a public official and aggravated battery. In December 2009, the trial court sentenced her to five years for threatening a public official and seven years for aggravated battery.

¶ 2 On appeal, defendant argues (1) the trial court erred in giving certain jury instructions, (2) the State failed to prove her guilty beyond a reasonable doubt, and (3) her sentences were excessive. We affirm in part, reverse in part, and remand for further proceedings.

¶ 3 I. BACKGROUND

¶ 4 In July 2009, the State charged defendant by information with four counts of aggravated battery (counts I, II, III, and V) (720 ILCS 5/12-4(b)(18) (West 2008)) and one count of threatening a public official (count IV) (720 ILCS 5/12-9 (West 2008)). Count IV alleged defendant committed the offense of threatening a public official in that she knowingly and willfully conveyed directly to correctional officer Brian Doellman, a public official, a communication containing a threat that would place Doellman or a member of his immediate family in reasonable apprehension of immediate or future bodily harm by stating "she knew where we lived and slept and she would kill us when she got out and that she would have our blood on her hands." Count V alleged defendant committed the offense of aggravated battery in that she, in committing a battery, knowingly made contact of an insulting or provoking nature with Doellman in that she bit and spit on him, knowing him to be a peace officer engaged in the execution of his official duties. Defendant pleaded not guilty.

¶ 5 In October 2009, defendant's jury trial commenced. The State proceeded to trial on counts IV and V. Brian Doellman testified he worked as a correctional officer with the Adams County sheriff's department. On July 11, 2009, Doellman was on duty when an "aggravated" and "angry" defendant was brought into the jail. Doellman helped other officers put defendant in a holding cage. Once inside, defendant's demeanor "got worse" and she pounded on the door and yelled threats. Defendant then took off her tank top and tied it

-2-

around her neck and the top of the cage. Fearing she might be trying to hang herself, Doellman and other officers entered the cage. Defendant swung at Officer Kevin Taute. Doellman and other officers grabbed defendant's arms and put her in a restraint chair. Defendant then bit Doellman on his arm. Doellman testified it "startled" him, "like it was going to hurt," and he pulled his arm away. Thereafter, defendant started spitting, and officers placed a spit mask on her. After defendant was restrained, she "continued making threats" and stated "she was going to kill us and that she knew where we lived and that she would have our blood on her hands." Doellman stated he took the threat seriously.

¶ 6 Quincy police officer Kevin Taute testified defendant was yelling profanities at the officers when they placed her in the holding cell. While placing defendant in the restraint chair, "she made a movement with her mouth to attempt to bite [Officer Doellman's] arm." She also stated "that when she gets out she's going to kill him and she knew where they lived."

¶ 7 Penny Mast, a corrections officer with the Adams County sheriff's department, testified she saw defendant bend down "like she was going to bite Officer Doellman." While she was restrained in the chair, defendant stated "she was going to kill us" and "she was going to have our blood on her hands." Defendant also said she knew where the officers lived.

¶ 8 April Stovall, an employee at the Adams County jail, testified she heard Officer Doellman say that defendant bit him. Defendant also made threats against him, stating she was "going to beat his ass" and "cut his throat."

¶ 9 Correctional officer Timothy O'Dear testified that on July 13, 2009, defendant was informed of the charges by another officer. Upon hearing the charges, she became agitated and said "she was going to cut their throats and play in their warm blood and that she did not threaten them. She promised them."

¶ 10 Correctional officer Brian Boden testified defendant became very upset upon hearing the nature of the charges and stated she "did not touch those motherfuckers." She stated she "threatened them" and told them she "would cut their throats and play in their warm blood."

¶ 11 Defendant did not testify. Following closing arguments, the jury found defendant guilty on counts IV and V. The State then moved to dismiss counts I, II, and III.

¶ 12 In December 2009, the trial court sentenced defendant to five years on count V and seven years on count IV. The court ordered the sentences to run concurrently with each other. Thereafter, defendant appealed.

¶ 13 In January 2010, defendant filed a motion for a new trial and a motion to reduce sentence. In April 2010, this court remanded the cause for a ruling on defendant's motions. *People v. Hale*, No. 4-09-0968 (Apr. 16, 2010) (unpublished order under Supreme Court Rule 23). In October 2010, appointed counsel filed a motion for a new trial, which the trial court denied in November 2010. This appeal followed.

¶ 14                                                    II. ANALYSIS
¶ 15                                              A. Jury Instructions
¶ 16 Defendant argues the trial court erred in giving a jury instruction that allowed the jury to

convict her of threatening a public official without making a finding on all the necessary elements of the offense. We agree.

¶ 17 Initially, we note defendant recognizes her failure to properly preserve this issue for review. Defense counsel did not object to the failure to provide the proper jury instruction, although the alleged error was raised in a posttrial motion. See *People v. Hestand*, 362 Ill. App. 3d 272, 279, 838 N.E.2d 318, 324 (2005) (a defendant must object at trial and raise the issue in a posttrial motion to preserve the issue for review). Defendant concedes the issue is forfeited but asks this court to review it under the plain-error doctrine.

¶ 18 The plain-error doctrine permits a reviewing court to consider unpreserved error under the following two scenarios:

"(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Sargent*, 239 Ill. 2d 166, 189, 940 N.E.2d 1045, 1058 (2010).

Under both prongs of the plain-error analysis, the burden of persuasion remains with the defendant. *People v. Lewis*, 234 Ill. 2d 32, 43, 912 N.E.2d 1220, 1227 (2009). " 'In most cases, a court of appeals cannot correct the forfeited error unless the defendant shows that the error was prejudicial.' " *People v. Thurow*, 203 Ill. 2d 352, 363, 786 N.E.2d 1019, 1025 (2003) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). As the first step in the analysis, we must determine whether any error occurred at all. *People v. Thompson*, 238 Ill. 2d 598, 613, 939 N.E.2d 403, 413 (2010).

¶ 19 "The purpose of jury instructions is to provide the jury with the correct legal principles applicable to the evidence, so that the jury may reach a correct conclusion according to the law and the evidence." *People v. Bannister*, 232 Ill. 2d 52, 81, 902 N.E.2d 571, 589 (2008). Generally, the decision to give certain jury instructions rests with the trial court, and that decision will not be reversed on appeal absent an abuse of that discretion. *People v. Lovejoy*, 235 Ill. 2d 97, 150, 919 N.E.2d 843, 872 (2009). However, "the issue of whether the jury instructions accurately conveyed to the jury the applicable law is reviewed *de novo*." *People v. Parker*, 223 Ill. 2d 494, 501, 861 N.E.2d 936, 939 (2006).

¶ 20 Section 12-9 of the Criminal Code of 1961 (Criminal Code) sets out the offense of threatening a public official. 720 ILCS 5/12-9 (West 2008).

"A person commits the offense of threatening a public official when:

(1) that person knowingly and willfully delivers or conveys, directly or indirectly, to a public official by any means a communication:

(i) containing a threat that would place the public official or a member of his or her immediate family in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement, or restraint[.]" 720 ILCS 5/12-9(a)(1)(i) (West 2008).

A "public official" includes a "sworn law enforcement or peace officer." 720 ILCS 5/12-

9(b)(1) (West 2008). When a threat is made to a sworn law-enforcement officer, "the threat must contain specific facts indicative of a unique threat to the person, family or property of the officer and not a generalized threat of harm." 720 ILCS 5/12-9(a-5) (West 2008).

¶ 21    In this case, the State's information alleged defendant knowingly and willfully conveyed to Officer Doellman, a public official, a communication containing a threat that would place Doellman or a member of his immediate family in reasonable apprehension of immediate or future bodily harm. See 720 ILCS 5/12-9(a)(1)(i) (West 2008). The jury was instructed, in part, as follows:

> "A person commits the offense of threatening public officials when she knowingly and wilfully delivers or conveys, directly or indirectly, to a public official, by any means, a communication containing a threat that places the public official in reasonable apprehension of immediate or future bodily harm and the threat was conveyed because of the performance or nonperformance of some public duty or the threat was conveyed because of the hostility of the person making the threat toward the status or position of the public official.
>
> The term 'public official' includes a sworn law enforcement or peace officer."

Here, Officer Doellman was an employee of the Adams County sheriff's department. Thus, he was a law-enforcement officer and thereby a "public official." Because of his position as a law-enforcement officer, the jury should have received instructions that "the threat must contain specific facts indicative of a unique threat to the person, family or property of the officer and not a generalized threat of harm." 720 ILCS 5/12-9(a-5) (West 2008). Without it, the jury was not properly instructed on the applicable law.

¶ 22    The State concedes the jury was not properly instructed but argues the omission of an element of the offense was harmless beyond a reasonable doubt because the evidence as to that element was overwhelming. However, fundamental fairness requires that the jury be instructed on the elements of the offense charged. *People v. Ogunsola*, 87 Ill. 2d 216, 222, 429 N.E.2d 861, 864 (1981). "It is of the essence of a fair trial that 'the jury not be permitted to deliberate a defendant's guilt or innocence of the crime charged without being told the essential characteristics of that crime.' " *Ogunsola*, 87 Ill. 2d at 222, 429 N.E.2d at 864 (quoting *People v. Lewis*, 112 Ill. App. 2d 1, 11, 250 N.E.2d 812, 818 (1969)).

> "[A]n omitted jury instruction constitutes plain error only when the omission creates a serious risk that the jurors incorrectly convicted the defendant because they did not understand the applicable law, so as to severely threaten the fairness of the trial. This rule does not require that defendant prove beyond doubt that her trial was unfair because the omitted instruction misled the jury to convict her. It does require that she show that the error caused a *severe* threat to the fairness of her trial." (Emphasis in original.) *People v. Hopp*, 209 Ill. 2d 1, 12, 805 N.E.2d 1190, 1197 (2004).

¶ 23    In this case, we find defendant has shown the error caused a severe threat to the fairness of her trial. The trial court gave the following instruction to the jury:

> "To sustain the charge of threatening a public official, the State must prove the following propositions:
>
> First Proposition: That the defendant knowingly and wilfully delivered or conveyed,

directly or indirectly, to Brian Doellman, by any means a communication containing a threat that places the public official in reasonable apprehension of immediate or future bodily harm; and

Second Proposition: That Brian Doellman was a public official at the time of the threat; and

Third Proposition: That the threat was conveyed because of the performance or nonperformance of some public duty or hostility of the person making the threat toward the status or position of the public official; and

Fourth Proposition: That when the defendant conveyed the threat, she knew Brian Doellman was then a public official.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

This instruction is in similar form to the one set forth in Illinois Pattern Jury Instructions, Criminal, No. 11.50 (4th ed. 2000). One of the elements outlined above in the offense of threatening a public official deals with the communication of a "threat." But the criminal statute, as it applied in this case, required more than just a "threat." When a threat is conveyed to a sworn law-enforcement officer, section 12-9(a-5) of the Criminal Code states "the threat must contain *specific* facts indicative of a *unique threat* to the person, family or property of the officer and *not a generalized threat of harm*." (Emphases added.) 720 IlCS 5/12-9(a-5) (West 2008). Subsection (a-5) was added to the statute by Public Act 95-466 and became effective on June 1, 2008 (Pub. Act 95-466, § 5 (eff. June 1, 2008) (2007 Ill. Laws 6734, 6735)).

¶ 24     When a sworn law-enforcement officer is involved, it is clear that whether a defendant made a threat containing specific facts indicative of a unique threat to an officer is an element of the offense. The State should include this element in the charging document, and the jury should be instructed on the element. Based on the instruction given in this case, the jury was deprived of the guidance needed to decide whether defendant's threat contained specific facts indicative of a unique threat to Officer Doellman. It is possible the jury concluded defendant made a generalized threat to Doellman, but the statute requires more before she could be found guilty beyond a reasonable doubt. A clear and obvious error occurred here, and it was one that affected the fairness of defendant's trial.

¶ 25     In this case, defendant satisfied her burden of proving the plain-error exception to the general forfeiture rule. The inadequate jury instruction was a clear and obvious error, and the error undermined the fairness of her trial and challenged the integrity of the judicial process. Accordingly, we reverse defendant's conviction for threatening a public official. We remand for a new trial before a properly instructed jury. See *People v. Stromblad*, 74 Ill. 2d 35, 41, 383 N.E.2d 969, 972 (1978).

¶ 26     Although we are reversing defendant's conviction, we find the evidence was sufficient

to prove defendant guilty beyond a reasonable doubt of threatening a public official. Thus, no double-jeopardy violation will occur in the event of a new trial. *In re R.A.B.*, 197 Ill. 2d 358, 369, 757 N.E.2d 887, 894 (2001). Our ruling does not constitute a determination of defendant's guilt that would be binding on retrial. *People v. Naylor*, 229 Ill. 2d 584, 611, 893 N.E.2d 653, 670 (2008).

¶ 27                                    B. Sufficiency of the Evidence

¶ 28      Defendant argues the State failed to prove her guilty beyond a reasonable doubt of the offenses of threatening a public official and aggravated battery. Because we are remanding for a new trial on the offense of threatening a public official, we will focus our attention in this section on whether the State's evidence was sufficient to find defendant guilty of aggravated battery. On that issue, defendant claims the evidence failed to show Officer Doellman was insulted or provoked by her. We disagree.

¶ 29      " 'When reviewing a challenge to the sufficiency of the evidence in a criminal case, the relevant inquiry is whether, when viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Ngo*, 388 Ill. App. 3d 1048, 1052, 904 N.E.2d 98, 102 (2008) (quoting *People v. Singleton*, 367 Ill. App. 3d 182, 187, 854 N.E.2d 326, 331 (2006)). The trier of fact has the responsibility to determine the credibility of witnesses and the weight given to their testimony, to resolve conflicts in the evidence, and to draw reasonable inferences from that evidence. *People v. Jackson*, 232 Ill. 2d 246, 281, 903 N.E.2d 388, 406 (2009). "[A] reviewing court will not reverse a criminal conviction unless the evidence is so unreasonable, improbable[,] or unsatisfactory as to create a reasonable doubt of the defendant's guilt." *People v. Rowell*, 229 Ill. 2d 82, 98, 890 N.E.2d 487, 496-97 (2008).

¶ 30      The State charged defendant with aggravated battery of a peace officer. 720 ILCS 5/12-4(b)(18) (West 2008). The elements of this offense are found in the descriptions of both battery and aggravated battery. "A person commits battery if he intentionally or knowingly without legal justification and by any means *** (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILCS 5/12-3(a) (West 2008). If a person commits a battery against an individual whom he knows to be an officer of the state or a unit of local government engaged in the performance of his authorized duties, it constitutes an aggravated battery. 720 ILCS 5/12-4(b)(18) (West 2008).

¶ 31      In this case, Officer Doellman, along with other officers, was in the process of restraining an agitated defendant in a chair. While Doellman was holding her left shoulder onto the chair, defendant turned her head, "put her teeth on [Doellman's] arm," and bit him. Doellman testified it "startled" him, "like it was going to hurt," and he pulled his arm away. This court has noted "[t]he victim does not have to testify he or she was provoked; the trier of fact can make that inference from the victim's reaction at the time." *People v. Wrencher*, 2011 IL App (4th) 080619, ¶ 55, 959 N.E.2d 693, 703. Here, the jury could infer Doellman perceived defendant's placing her teeth on his forearm was a dangerous or possibly injurious act, as shown by pulling his arm away, and one that was insulting and provoking. Viewing the

-7-

evidence in the light most favorable to the prosecution, we find the jury could reasonably have found defendant guilty of aggravated battery beyond a reasonable doubt.

¶ 32                                    C. Sentencing

¶ 33    Defendant argues her sentences must be vacated because the maximum sentences were excessive and were imposed under the mistaken belief they were not maximum sentences. Confining our analysis solely to the aggravated-battery conviction, we disagree.

¶ 34    The Illinois Constitution mandates "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. " 'In determining an appropriate sentence, a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed.' " *Hestand*, 362 Ill. App. 3d at 281, 838 N.E.2d at 326 (quoting *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001)).

¶ 35    A trial court has broad discretion in imposing a sentence. *People v. Chester*, 409 Ill. App. 3d 442, 450, 949 N.E.2d 1111, 1118 (2011). "A reviewing court gives great deference to the trial court's sentencing decision because the trial judge, having observed the defendant and the proceedings, has a far better opportunity to consider these factors than the reviewing court, which must rely on the cold record." *People v. Evangelista*, 393 Ill. App. 3d 395, 398, 912 N.E.2d 1242, 1245 (2009). Thus, the court's decision as to the appropriate sentence will not be overturned on appeal "unless the trial court abused its discretion and the sentence was manifestly disproportionate to the nature of the case." *People v. Thrasher*, 383 Ill. App. 3d 363, 371, 890 N.E.2d 715, 722 (2008).

¶ 36    In the case *sub judice*, a jury found defendant guilty of aggravated battery, a Class 2 felony (720 ILCS 5/12-4(e)(2) (West 2008)). A defendant convicted of a Class 2 felony is subject to a sentencing range of three to seven years in prison. 730 ILCS 5/5-8-1(a)(5) (West 2008). As the trial court's seven-year sentence for aggravated battery was within the relevant sentencing range, we will not disturb the sentence absent an abuse of discretion.

¶ 37    In considering factors in mitigation, the trial court found defendant's conduct did not cause or threaten serious physical harm and assumed imprisonment would entail excessive hardship on her dependents. However, as to factors in aggravation, the court found defendant had failed at probation and a "strong sentence" was necessary to deter others from committing the same crime. We find no abuse of discretion in the court's sentence.

¶ 38    Defendant argues the trial court erred when, at the hearing on the posttrial motion, it stated it "did not enter a sentence for the maximum." However, at the sentencing hearing, the prosecutor had argued for the "maximum sentence" of 17 years in prison based on a 7-year sentence on the Class 2 felony and a consecutive 10-year extended-term sentence on the Class 3 felony of threatening a public official. The court disagreed with the prosecutor and noted a 10-year extended-term sentence was not permitted on the Class 3 felony. Moreover, the court ordered the sentences to run concurrently with each other rather than consecutively. Thus, the court did not impose the "maximum" sentence it could have and as the State requested. We find no error in the sentence imposed by the court on defendant's aggravated-

battery conviction.

¶ 39                                  III. CONCLUSION

¶ 40        For the reasons stated, we affirm in part, reverse in part, and remand for further proceedings. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 41        Affirmed in part and reversed in part; cause remanded for further proceedings.