# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Fonder*, 2013 IL App (3d) 120178

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARNELL M. FONDER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0178 |
| Filed | September 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions for resisting a peace officer and criminal trespass to real property were reversed and remanded for a new trial on the ground that the failure to instruct the jury that defendant's violation was a proximate cause of injury to a peace officer was reversible error under the second prong of the plain error test to the extent that it eroded the integrity of the judicial process and undermined the fairness of defendant's trial. |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 10-CF-235; the Hon. Kathy Bradshaw-Elliott, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on          Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for
Appeal              appellant.

                    Jamie J. Boyd, State's Attorney, of Kankakee (Laura E. DeMichael, of
                    State's Attorneys Appellate Prosecutor's Office, of counsel), for the
                    People.


Panel               JUSTICE HOLDRIDGE delivered the judgment of the court with
                    opinion.
                    Presiding Justice Wright and Justice O'Brien concurred in the judgment
                    and opinion.

**OPINION**

¶ 1       After a jury trial, the defendant, Darnell M. Fonder, was convicted of resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2010)) and criminal trespass to real property (720 ILCS 5/21-3(a)(3) (West 2010)). The trial court sentenced the defendant to three years of imprisonment. On appeal, the defendant argues that the trial court erred when it did not instruct the jury that it must find that the defendant's conduct was the proximate cause of an injury to a peace officer to sustain a felony charge of resisting arrest. We reverse and remand the cause.


¶ 2                                    FACTS

¶ 3       The defendant was charged by indictment with aggravated battery (720 ILCS 5/12-4(b)(18) (West 2010)), resisting a peace officer (720 ILCS 5/31-1(a-7) (West 2010)), and criminal trespass to real property (720 ILCS 5/21-3(a)(3) (West 2010)). On December 6, 2011, the case proceeded to a jury trial.

¶ 4       At trial, Officer Michael Shreffler testified that at approximately 2:30 p.m. on May 7, 2010, he responded to a call at the residence of Crystal Davis. At the scene, Shreffler threatened to arrest the defendant if he returned to Davis's residence.

¶ 5       At approximately 8:30 p.m. on the same date, Shreffler responded to another call at the Davis residence. Davis told Shreffler that the defendant had returned. Shreffler observed the defendant walk toward him from behind the building. As Shreffler approached the defendant, Officer Joseph Martinez arrived at the scene. Shreffler noticed that Martinez was uninjured. Thereafter, Shreffler approached the defendant. He announced that the defendant was under arrest, instructed the defendant to place his hands behind his back, and attempted to grab the defendant's arm. The defendant said "[I] ain't getting arrested for this bullshit" and pulled his arm away. The defendant then fought with Shreffler and Martinez as they attempted to

restrain him. The officers gained control of the defendant only after Martinez dry-stunned him twice with his Taser.

¶ 6        Martinez testified that when he arrived at the scene, he saw Shreffler speaking with Davis. Shreffler then went to the side of the building and spoke with the defendant. Martinez first approached Davis and then went to Shreffler's location, where he saw Shreffler advise the defendant that he was under arrest. The defendant tugged his right arm away as Shreffler attempted to place him in handcuffs. Shreffler instructed the defendant not to resist. Martinez attempted to grab the defendant's left arm, but the defendant swung his arm up, scratching Martinez's nose and forehead. The defendant continued to fight with the officers until Martinez dry-stunned the defendant twice. Shreffler transported the defendant from the scene, and Martinez completed the paperwork for the offense and took Davis's statement.

¶ 7        During the struggle, Martinez received small abrasions to his nose and forehead. Martinez identified a photograph that was taken after the incident that depicted the injuries, and the photograph was admitted into evidence. However, the photograph did not display the full extent of the injuries because Martinez had cleaned the "blood dripping on [his] face" in Davis's bathroom. Martinez was uninjured before the altercation.

¶ 8        Davis testified that she had known the defendant for approximately five years. On the evening of May 7, 2010, she spoke with Martinez for approximately two minutes and then he went around the side of the building to look for the defendant. Davis followed Martinez around the side of the building and saw Martinez and Shreffler ask the defendant for identification. When the defendant said that he did not have identification, the officers instructed the defendant to come with them and grabbed his arm. The defendant responded that it hurt, and the officers threw the defendant on the ground, jumped on him, and sprayed him with mace. The defendant told the officers to stop and proclaimed that he "didn't do nothing." Davis also asked the officers to stop.

¶ 9        After the defendant was placed in the police car, Martinez went to Davis's apartment and asked her to sign some paperwork. At that time, Davis did not notice any injuries to Martinez's face, and Martinez did not use her bathroom.

¶ 10       On cross-examination, Davis stated that the defendant was the father of her daughter. On the date of the incident, she and the defendant were separated, and she called the police after the defendant came to her residence in the afternoon. The police responded in the evening of May 7, 2010, when they saw the defendant standing in front of the apartment building where Davis lived. Davis denied calling the police a second time. At trial, Davis stated that she and the defendant had reconciled their relationship.

¶ 11       At the jury instruction conference, the State tendered two jury instructions on resisting arrest. Defense counsel did not object to the instructions or offer his own instructions, and the case proceeded to closing arguments.

¶ 12       Prior to deliberations, the trial court instructed the jury on the resisting arrest charge using Illinois Pattern Jury Instructions, Criminal, Nos. 22.13 and 22.14 (4th ed. 2000) (hereinafter, IPI Criminal 4th Nos. 22.13 and 22.14).

¶ 13       During deliberations, the jury requested to see the photograph of Martinez's injuries. However, before the photograph was sent to the jury, it reached a verdict. The jury found the

defendant not guilty of aggravated battery and guilty of resisting a peace officer and criminal trespass to real property.

¶ 14    On January 3, 2012, the defendant filed a motion for acquittal. The defendant contended that he should not have been convicted of felony-level resisting arrest. The defendant argued that the jury instructions for resisting arrest did not contain the proposition that the defendant was the proximate cause of an injury to a peace officer. As a result, the jury instruction only supported a conviction for a misdemeanor conviction for resisting arrest. The trial court found that it was foreseeable that an officer might be injured when the defendant resisted arrest and denied the motion. Thereafter, the trial court sentenced the defendant to three years of imprisonment. The defendant appeals.

¶ 15                             ANALYSIS

¶ 16    On appeal, the defendant argues that the trial court erred when it failed to instruct the jury on a necessary element of the charge for felony resisting arrest. According to the defendant, the court should have instructed the jury, in addition to the three propositions listed in IPI Criminal 4th No. 22.14, that the State must prove beyond a reasonable doubt that the defendant's violation was the proximate cause of an injury to Martinez. See 720 ILCS 5/31-1(a-7) (West 2010). The defendant admits that he did not object to the tendered jury instructions, but argues that the waiver rule should not apply because the court's failure to instruct the jury on an element of the offense is a grave and fundamental error. See Ill. S. Ct. R. 451(c) (eff. July 1, 2006). The State concedes that the trial court erred, but argues that reversal is not warranted because the evidence was not closely balanced and it was obvious from the evidence that the defendant proximately caused injury to Martinez.

¶ 17    Generally, "[n]o party may raise on appeal the failure to give an instruction unless the party shall have tendered it." Ill. S. Ct. R. 366(b)(2)(i) (eff. Feb. 1, 1994). However, Illinois Supreme Court Rule 451(c) (eff. July 1, 2006) provides that substantial defects in jury instructions are not waived by a defendant's failure to make timely objections if the interests of justice require. "The purpose of Rule 451(c) is to permit correction of grave errors and errors in cases so factually close that fundamental fairness requires that the jury be properly instructed." *People v. Sargent*, 239 Ill. 2d 166, 189 (2010). Rule 451(c) is coextensive with the plain error rule. See Ill. S. Ct. R. 615(a); *People v. McNeal*, 405 Ill. App. 3d 647 (2010). Before conducting the plain error analysis, we must determine whether there was error. See *People v. Wilson*, 404 Ill. App. 3d 244 (2010).

¶ 18                             A. Error

¶ 19    "The purpose of jury instructions is to provide the jury with the correct legal principles applicable to the evidence, so that the jury may reach a correct conclusion according to the law and the evidence." *People v. Bannister*, 232 Ill. 2d 52, 81 (2008). Generally, the decision to give a certain instruction rests in the sound discretion of the trial court. *People v. Lovejoy*, 235 Ill. 2d 97 (2009). However, "when the issue is whether the applicable law was correctly conveyed by the instructions to the jury, the appropriate standard of review on appeal is *de novo*." *People v. Max*, 2012 IL App (3d) 110385, ¶ 52.

¶ 20     In the instant case, the defendant was charged with felony resisting arrest under section 31-1(a-7) of the Criminal Code of 1961 (Code). 720 ILCS 5/31-1(a-7) (West 2010). To secure a conviction under section 31-1(a-7) of the Code, the State was required to prove beyond a reasonable doubt that the defendant knowingly resisted or obstructed a peace officer in the performance of an authorized act within his capacity and the defendant's "violation was the proximate cause of an injury to a peace officer." 720 ILCS 5/31-1(a), (a-7) (West 2010).

¶ 21     In a jury trial, the court must instruct the jurors, using the IPI Criminal instructions, when applicable. Ill. S. Ct. R. 451(a) (eff. July 1, 2006). Two IPI Criminal instructions are pertinent to the offense of resisting a peace officer. IPI Criminal 4th No. 22.13 states:

> "A person commits the offense of resisting or obstructing a [(peace officer) ***] when he knowingly resists or obstructs the performance of any authorized act within the official capacity of one known to him to be a [(peace officer) ***]."

Analogously, IPI Criminal 4th No. 22.14 lists the elements for a misdemeanor charge of resisting a peace officer as follows:

> "To sustain the charge of resisting or obstructing a [(peace officer) ***], the State must prove the following propositions:
>
> *First Proposition:* That _____ was a [(peace officer) ***]; and
>
> *Second Proposition:* That the defendant knew _____ was a [(peace officer) ***]; and
>
> *Third Proposition:* That the defendant knowingly resisted or obstructed the performance by _____ of an authorized act within his official capacity.
>
> If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.
>
> If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

The committee notes to these instructions are silent on the changes necessary for a felony charge.[1]

¶ 22     In the present case, the trial court instructed the jury on the resisting arrest charge using the unmodified versions of IPI Criminal 4th Nos. 22.13 and 22.14. Consequently, the trial court failed to instruct the jury on an essential element of the offense: that the defendant's violation was the proximate cause of injury to a peace officer. The court's omission of the proximate cause element was error.

---

[1] We note that Illinois Pattern Jury Instructions, Criminal, No. 4.24 (4th ed. Supp. 2011) (hereinafter, IPI Criminal 4th No. 4.24 (Supp. 2011)) defines "proximate cause." The committee note to IPI Criminal 4th No. 4.24 cites to the "proximate cause" language in section 31-1(a-7) of the Code, but does not provide a cross-reference to IPI Criminal 4th No. 22.13 or No. 22.14.

¶ 23                                    B. Plain Error

¶ 24        Having found error, we must next determine whether it is reversible error, *i.e.*, whether either prong of the plain error test has been satisfied such that we may overlook the defendant's procedural default. We may overlook the defendant's procedural default if: (1) the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error; or (2) the error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Piatkowski*, 225 Ill. 2d 551 (2007). "The defendant bears the burden of persuasion under both prongs of [the] plain-error analysis." *People v. Wilmington*, 2013 IL 112938, ¶ 43.

¶ 25        In this case, the defendant has satisfied his burden of proving that the trial court's error was reversible plain error under the second prong of the analysis. The second prong of the plain error doctrine permits review and reversal of otherwise unpreserved errors that erode the integrity of the judicial process and undermine the fairness of a defendant's trial. *Sargent*, 239 Ill. 2d 166. Fundamental fairness requires trial courts to see "to it that certain basic instructions, essential to a fair determination of the case by the jury, are given." *People v. Ogunsola*, 87 Ill. 2d 216, 222 (1981). The failure to inform the jury of the elements of the crime charged is so grave and fundamental that the waiver rule should not apply. See *People v. Hari*, 218 Ill. 2d 275 (2006); *Ogunsola*, 87 Ill. 2d 216; *People v. Hale*, 2012 IL App (4th) 100949.

¶ 26        A conviction under section 31-1(a-7) of the Code required the jury to find, *inter alia*, that the defendant's violation was the proximate cause of an injury to Martinez. 720 ILCS 5/31-1(a), (a-7) (West 2010). The trial court failed to instruct the jury on that element. The element had to be proved beyond a reasonable doubt because it elevated the sentencing range. *People v. Cervantes*, 408 Ill. App. 3d 906 (2011). The defendant is entitled to a jury determination of every element of the crime with which he is charged beyond a reasonable doubt. See *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The trial court's omission removed from the jury's consideration an element essential to the determination of the defendant's guilt or innocence. See *Ogunsola*, 87 Ill. 2d 216. Furthermore, the defendant's acquittal of the aggravated battery charge, which required proof of bodily harm, suggests that the jury did not find that Martinez was injured. See 720 ILCS 5/12-4(b)(18) (West 2010). As a result, we remand the cause for a new trial before a properly instructed jury.


¶ 27                                    CONCLUSION

¶ 28        For the foregoing reasons, the judgment of the circuit court of Kankakee County is reversed, and the cause is remanded for further proceedings.


¶ 29        Reversed and remanded.